J-S40043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
      :              PENNSYLVANIA
      :
      v.      :
      :
      :
      :
JAMAR AHMAD MCCRAY      :
      :
      Appellant      :   No. 2991 EDA 2016

Appeal from the PCRA Order August 24, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0000508-2012

BEFORE:   OTT, DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:            **FILED JANUARY 08, 2018**

Jamar Ahmad McCray appeals from the order entered August 24, 2016, in the Delaware County Court of Common Pleas denying, in part, his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]   McCray sought relief from the judgment of sentence of an aggregate term of 90 months' to 15 years' imprisonment, originally imposed on February 15, 2013, following his convictions of possession with intent to deliver a controlled substance ("PWID"), possession of drug paraphernalia, and persons not to possess firearms.[2]   As will be discussed *infra*, the PCRA court granted the petition, in part, based on McCray's allegation that his

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **See** 35 P.S. §§ 780-113(a)(30) and (a)(32), and 18 Pa.C.S. § 6105, respectively.

sentence was illegal, and resentenced him on August 30, 2016, to an aggregate term of 81 months' to 15 years' imprisonment. The court denied his other claims. On appeal, McCray argues the PCRA court erred in failing to grant him relief on two claims asserting the ineffective assistance of trial counsel, and contends the sentence imposed in August of 2016, was also illegal. For the reasons below, we affirm.

The facts underlying McCray's arrest and conviction were summarized in the memorandum decision affirming McCray's sentence on direct appeal, and we need not reiterate them in detail herein. *See Commonwealth v. McCray*, 105 A.3d 34 (Pa. Super. 2014) (unpublished memorandum at *1-*3). To summarize, a detective with the Delaware County Criminal Investigations Narcotics Unit learned that McCray was selling cocaine from his residence. The detective utilized a confidential informant to conduct two controlled buys from McCray. Thereafter, he obtained and executed a search warrant at the residence, at which time he recovered a substantial amount of cocaine, along with drug paraphernalia and a firearm. *See id.* McCray was arrested and charged with, *inter alia*, PWID, possession of drug paraphernalia, and persons not to possess firearms.

A jury convicted McCray of PWID and possession of drug paraphernalia. The jury also specifically found McCray was in possession of a firearm, and based on that finding, as well as McCray's prior record, the trial court adjudicated him guilty of persons not to possess firearms. *See* N.T.,

12/19/2012 (Verdict), at 4, 11-12. On December 20, 2012, the Commonwealth notified McCray of its intent to invoke one of three mandatory minimum sentences, pursuant to 18 Pa.C.S. §§ 6317 (drug-free school zone), 18 Pa.C.S. § 7508 (drug weight), or 42 Pa.C.S. § 9712.1 (possession of firearm with drug offense). The case proceeded to sentencing on February 15, 2013, at which time the court imposed a sentence of seven and one-half to 15 years' imprisonment on the PWID charge, a concurrent term of five to 10 years' imprisonment on the firearms charge, and a concurrent term of three to six months' imprisonment on the paraphernalia offense. Notably, the trial court stated it was imposing a mandatory minimum sentence pursuant to Section 7508 on the PWID charge, although McCray's actual sentence was above the mandatory minimum seven-year term. *See* N.T., 2/15/2013, at 25-26; 18 Pa.C.S. § 7508(a)(3)(iii) (mandatory seven-year minimum sentence when defendant possesses at least 100 grams of cocaine, and has prior drug trafficking conviction).

McCray's judgment of sentence was affirmed on direct appeal, and the Pennsylvania Supreme Court subsequently denied his petition for allowance of appeal. ***See Commonwealth v. McCray***, 104 A.3d 3 (Pa. 2014). On February 4, 2015, McCray filed a timely, *pro se* PCRA petition. Counsel was promptly appointed, and filed an amended petition on August 14, 2015, challenging only the legality of McCray's mandatory minimum sentence in light of the United States Supreme Court's decision in ***Alleyne v. United States***,

133 S.Ct. 2151 (U.S. 2013).[3]  The PCRA court conducted a brief hearing on January 14, 2016, at which time McCray's attorney raised the following two additional claims:  (1) McCray's prior record score was incorrectly calculated,[4] and (2) trial counsel was ineffective for failing to request further inquiry when, during a charging conference, both the prosecutor and trial court referred to a sleeping juror.  **See** N.T., 1/14/2016, at 5-7.  Before the PCRA court ruled on his petition, McCray filed a motion requesting to proceed *pro se*.  On March 9, 2016, the PCRA court entered an order granting McCray's petition, in part, after concluding McCray's mandatory minimum sentence violated **Alleyne** and its progeny.  **See** Order 3/9/2016, at 1-2.  The court further ordered McCray

---

[3] In **Alleyne**, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."  **Alleyne**, **supra**, 133 S.Ct. at 2155.  In interpreting that decision, the courts of this Commonwealth have determined that most of our mandatory minimum sentencing statutes, including 18 Pa.C.S. § 7508, are unconstitutional because the language of those statutes "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence" standard.  **Commonwealth v. Newman**, 99 A.3d 86, 98 (Pa. Super. (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015).  **See Commonwealth v. Mosley**, 114 A.3d 1072, 1091 (Pa. Super. 2015) (invalidating 18 Pa.C.S. § 7508), **appeal denied**, ___ A.3d ___ [387 MAL 2015/714 MAL 2015] (Pa. February 9, 2017).  Further, our courts have held that the unconstitutional provisions of the mandatory minimum statutes are not severable from the statute as a whole.  **Commonwealth v. Hopkins**, 117 A.3d 247, 262 (Pa. 2015); **Newman**, **supra**, 99 A.3d at 101.

[4] However, PCRA counsel subsequently explained to the court that after further research, he believed McCray's prior record score was correct.

would be resentenced, and directed PCRA counsel to file an amended petition or "no merit" letter within 60 days to address the other claims raised in McCray's *pro se* petition. **See id.** at 2.

Counsel did not comply with the court's directive to file an amended petition. Moreover, McCray filed a *pro se* amended petition on April 20, 2016, followed by another request to proceed *pro se* and petition for a **Grazier**[5] hearing. Thereafter, the PCRA court conducted a **Grazier** hearing on May 23, 2016. Although McCray expressed his desire to proceed without counsel, the PCRA court denied his request, at that time, because the court wanted to insure McCray's rights were protected during his resentencing and PCRA evidentiary hearings. **See** N.T., 5/23/2016, at 20-21 (the court stated: "I'm not ready to let [counsel] out at this point. There's just too much."). However, the PCRA court effectively continued the hearing, indicating it would permit McCray to renew his request at a later date. **See id.** at 22 ("But I'd rather you talk to [counsel] before those hearing, and if you still want to proceed *pro se*, then we'll see how it goes. So, for today, that's my decision.").

On June 23, 2016, the PCRA court conducted a hearing on McCray's remaining claims asserting the ineffective assistance of trial counsel for (1) failing to request the court question a sleeping juror and (2) failing to object

_____

[5] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988).

under the Pennsylvania Constitution when the prosecutor questioned McCray regarding his post-arrest silence.[6]  Thereafter, on August 24, 2016, the PCRA court entered an order denying, in part, McCray's PCRA petition, and rejecting both his sleeping juror and post-arrest silence claims.

McCray appeared for resentencing on August 30, 2016, at which time the court imposed a term of 81 months' to 15 years' imprisonment for PWID, and concurrent terms of five to 10 years' imprisonment for the firearms charge, and three to 12 months' imprisonment for the paraphernalia offense. McCray filed two *pro se* petitions, requesting that counsel be allowed to withdraw and permitting him to proceed *pro se*, as well as a *pro se* notice of appeal.  By order dated September 29, 2016, the PCRA court granted McCray's request to proceed *pro se*.  This appeal follows.[7, 8]

_____

[6] Although McCray challenged the court's denial of a mistrial based upon this improper questioning on direct appeal, this Court concluded McCray waived any challenge under the state constitution because counsel's objection at trial was limited to "impeachment under the Fifth Amendment to the United States Constitution."  **McCray**, **supra**, 105 A.3d 34 (unpublished memorandum at *9-*10).

[7] On September 26, 2016, the PCRA court ordered McCray to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). McCray complied with the court's directive and filed a concise statement on October 14, 2016.

[8] We note that although the PCRA court granted McCray's petition in part, and ordered that he be resentenced, we still have jurisdiction to consider the remaining claims for which the court denied relief.  **See Commonwealth v. Grove**, 170 A.3d 1127, 1137 (Pa. Super. 2017) ("PCRA court's order granting relief with regard to sentencing and denying all other claims … was a final appealable order").

Our review of an order denying PCRA relief is well-established:

This Court reviews a PCRA court's decision in the light most favorable to the prevailing party. **Commonwealth v. Hanible**, 612 Pa. 183, 30 A.3d 426, 438 (2011). Our review is limited to a determination of whether the record supports the PCRA court's factual findings and whether its legal conclusions are free from error. **Id.** "A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court." **Commonwealth v. Treiber**, ___ Pa. ___, 121 A.3d 435, 444 (2015) (citing **Commonwealth v. Dennis**, 609 Pa. 442, 17 A.3d 297, 301 (2011)). We review the PCRA court's legal conclusions de novo. **Commonwealth v. Roney**, 622 Pa. 1, 79 A.3d 595, 603 (2013).

**Commonwealth v. Williams**, 141 A.3d 440, 452 (Pa. 2016).

McCray's first two issues assert the ineffective assistance of trial counsel. When considering an allegation that counsel rendered ineffective assistance, we bear in mind the following:

"In order to obtain relief under the PCRA premised upon a claim that counsel was ineffective, a petitioner must establish beyond a preponderance of the evidence that counsel's ineffectiveness 'so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.'" **Commonwealth v. Payne**, 794 A.2d 902, 905 (Pa. Super. 2002), *quoting* 42 Pa.C.S.A. § 9543(a)(2)(ii). When considering such a claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. **Id.** at 906. "Counsel cannot be found ineffective for failure to assert a baseless claim." **Id.**

To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him. **Commonwealth v. Allen**, 833 A.2d 800, 802 (Pa. Super. 2003).

- 7 -

***Commonwealth v. Michaud***, 70 A.3d 862, 867 (Pa. Super. 2013). "To demonstrate prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's actions or inactions, the result of the proceeding would have been different." ***Commonwealth v. Mason***, 130 A.3d 601, 618 (Pa. 2015).

McCray's first ineffectiveness claim stems from a conversation between the trial court and both attorneys during the charging conference. ***See*** McCray's Brief at 6-7. In particular, McCray points to a comment by the prosecutor that "a couple" of the jurors had fallen asleep, to which the court responded, "I know there were a couple that were asleep and the one lady was like this all the time."[9] N.T., 12/19/2012, at 272. McCray insists trial counsel rendered ineffective assistant "by ignoring the fact that jurors had been sleeping during his trial" and failing to move for a mistrial. McCray's Brief at 8.

The PCRA court addressed this claim as follows:

[McCray] alleges trial counsel was ineffective for not raising the issue of sleeping jurors with the Court. [McCray] bases this allegation solely on comments made on the record by the prosecutor and the Court during a charging conference. [McCray] has never alleged he observed any juror sleeping during trial. At the PCRA hearing both [McCray's] trial counsel and the District

---

[9] At the PCRA hearing, trial counsel testified she believed the court's comment about "one lady" being "like this all the time" referred to a gesture the juror was making, not that the particular juror had been sleeping. N.T., 6/23/2016, at 18. The prosecutor agreed with this characterization, and testified "when [the trial judge] indicated she saw a juror 'like this,' she made a gesture with (sic) the person had their head down or their head back." ***Id.*** at 27.

Attorney testified denying seeing any juror sleeping during trial. Trial Counsel testified she extensively observed the jury during the entire trial and did not see any juror sleeping. She further testified that if she had seen a juror sleeping she would have raised the issue with the Court because at that point in the trial they were looking for a mistrial. The Assistant District Attorney testified that although he did not make the comments in jest, he believes he was speaking colloquially and exaggerating some of the reactions of the jurors. The burden is on [McCray] to show the events he has alleged actually happened. Regardless, [McCray] fails to show how trial counsel's ineffectiveness in not bringing the sleeping juror issue to the Court prejudiced him. Prejudice is not established simply because [McCray] was convicted. [McCray] has an affirmative obligation to show actual prejudice resulted from the ineffectiveness alleged. He must show how he was prejudiced by the action of his counsel. Our Appellate Courts have consistently rejected the claim that trial counsel was ineffective for failure to request dismissal of a sleeping juror absent a showing of actual prejudice. **See Commonwealth v. Lawson**, 762 A.2d 753, 758 (Pa. Super. 2000).

Here, [McCray] failed to establish that his trial counsel's alleged failure so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. At the PCRA hearing, [McCray] did not present any evidence that shows how he was prejudiced by trial counsel's alleged error. A review of [McCray's] claim fails to show how the outcome of the proceeding would have been different if his trial attorney had not committed the alleged error. Furthermore, on [his] direct appeal, the Superior Court [] found the trial record riddled with overwhelming evidence of [McCray's] guilt. [**See McCray**, **supra**, 105 A.3d 34 (unpublished memorandum at *10)]. Accordingly, any purported error was harmless and non-prejudicial.

PCRA Court Opinion, 11/14/2016, at 3-4.

Upon our review of the record, the parties' briefs, and the relevant case law, we find the PCRA court thoroughly addressed and properly disposed of this claim in its opinion, and we rest on its well-reasoned basis. **See id.** Accordingly, McCray is entitled to no relief on his first issue.

- 9 -

Next, McCray asserts trial counsel was ineffective for failing to properly object to the prosecutor's questioning regarding his post-arrest silence. **See** McCray's Brief at 10-12. On direct appeal, McCray raised a variation of this claim, arguing the trial court erred in failing to grant "his request for a mistrial after the prosecutor made reference to his post-arrest silence." **McCray**, **supra**, 105 A.3d 34 (unpublished memorandum at *8). The panel concluded McCray was entitled to no relief under the Federal Constitution because the United States Supreme Court has held that once a defendant chooses to testify, the Fifth Amendment is not offended when a prosecutor uses a defendant's post-arrest silence to impeach his credibility. **See id.** at *9. Although McCray also argued the prosecutor's question violated his state constitutional rights, the panel found McCray had waived that claim since counsel's objection was based solely on the Fifth Amendment. **See id.** McCray now argues counsel's failure to object based upon state constitutional grounds constituted ineffective assistance because the Pennsylvania Constitution prohibits all reference to a defendant's post-arrest silence, even if the defendant testifies at trial. **See** McCray's Brief at 11. He insists he was prejudiced by the prosecutor's questioning, and trial counsel had no reasonable basis for failing to make a proper objection. **See id.** at 11-12.

While we agree the prosecutor's reference to McCray's post-arrest silence was impermissible under the Pennsylvania Constitution,[10] we conclude McCray is entitled to no relief because he failed to demonstrate prejudice. Indeed, this Court has held that an impermissible reference to a defendant's post-arrest silence is subject to a harmless error analysis. **See Commonwealth v. Mitchell**, 839 A.2d 202, 214 (Pa. 2003). Although the panel on direct appeal found this particular claim was waived, it also concluded that any error was harmless. The panel stated:

> Additionally, as analyzed *supra*, the evidence of [McCray's] guilt was overwhelming. Hence, we conclude that transient questioning on the matter was harmless error, **Mitchell**, **supra**, and that the trial court did not abuse its discretion in denying the mistrial request.

**McCray**, **supra**, 105 A.3d 34 (unpublished memorandum at *8). We agree. **See id.** at *6 (detailing the "overwhelming" proof against McCray including the fact he was "twice observed by a detective selling drugs to a CI[,]" he was alone in the home at 6:00 a.m. when the warrant was executed, and there were "various indicia that he lived in the home."). Accordingly, because McCray is unable to establish he was prejudiced by counsel's failure to object based on a state constitutional violation, he is entitled to no relief on his second claim.

---

[10] **See Commonwealth v. Mitchell**, 839 A.2d 202, 213 (Pa. 2003) ("[T]his court has been consistent in prohibiting the post-arrest silence of an accused to be used to his detriment.").

In his final claim, McCray contends his August 30, 2016, sentence is illegal. McCray argues the trial court improperly applied the deadly weapon enhancement pursuant to 204 Pa. Code § 303.10 "based on the findings of § 9712.1, which is now unconstitutional and void" under *Alleyne*. McCray's Brief at 13. He reasons:

> The deadly weapon enhancement is being brought about from § 9712.1, and has resulted in enhancing the sentence pursuant to the § 7508 charge. This factor was not presented to the jury. [The PCRA court] has ruled this to be unconstitutional pursuant to my case. Therefore, leaving the deadly weapon enhancement intact is unconstitutional as well.

*Id.*

McCray's claim fails for two reasons. First, as the Commonwealth points out in its brief, McCray did not file a notice of appeal from his August 30, 2016, judgment of sentence. *See* Commonwealth's Brief at 26-27. Rather, the notice of appeal herein references only the August 24, 2016, order denying, in part, PCRA relief. *See* Notice of Appeal, 9/21/2016. Therefore, his sentence is not before us for review.

Nevertheless, even if we were to find his present appeal included the August 30, 2014, judgment of sentence, this Court has held that "[t]he imposition of the deadly weapon sentencing enhancement does not implicate" *Alleyne*. *Commonwealth v. Shull*, 148 A.3d 820, 830 n.6 (Pa. Super. 2016). *See also Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1270 n.10 (Pa. Super. 2014) (explaining that unlike a mandatory minimum sentence which a court must impose, "[i]f the enhancement applies, the sentencing

- 12 -

court is required to raise the standard guideline range; however, the court retains the discretion to sentence outside the guideline range."), *appeal denied*, 104 A.3d 1 (Pa. 2014). Accordingly, McCray is entitled to no relief on his final claim.[11]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/18

_____

[11] In the argument portion of this claim, McCray also asserts his prior record score was incorrect. **See** McCray's Brief at 14. Assuming we have jurisdiction to address this challenge to his sentence, **see supra**, we would find this claim waived because it was not included in his court-ordered concise statement. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").