J-S06026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYRONE WHITNEY | : | |
| | : | |
| Appellant | : | No. 2881 EDA 2016 |
| | : | |

Appeal from the PCRA Order September 2, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005241-2009,
CP-51-CR-0006629-2009, CP-51-CR-0008836-2009

BEFORE:  BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED APRIL 27, 2018**

Tyrone Whitney appeals from the order denying his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Whitney argues the PCRA court erred in denying his petition, which claimed his trial counsel was ineffective for failing to challenge the weight of the evidence; failing to file a motion to sever; failing to file a motion to suppress identification evidence; failing to interview and call a witness; and failing to appeal the denial of his motion for reconsideration of sentence. Further, Whitney argues the PCRA court erred in dismissing his petition without holding an evidentiary hearing. We affirm.

Whitney was charged at three separate docket numbers for crimes he and Neroy Brown committed against three victims. On February 3, 2010, the

trial court conducted a consolidated bench trial, at which the following evidence was presented.

On February 17, 2009, Lamar Thompson was walking with a friend to his Godmother's house. N.T., 2/3/10, at 18-19. When on her porch, he noticed two males wearing black hoodies walking toward the house. *Id.* at 19. Thompson went in the house and, as he was trying to lock the screen door, one of the males shot Thompson. *Id.* at 23. Thompson ran through the house and exited through a window. *Id.* at 25-26. He made it to a neighbor's house, who called an ambulance. *Id.* at 27. Thompson was taken to the Hospital of the University of Pennsylvania, where doctors removed a bullet from his collarbone. *Id.* at 28-29.

Detective Timothy McCool interviewed Thompson, and Thompson circled Whitney's photograph from a photo array. *Id.* at 36, 127. On cross-examination, Thompson testified that he had not seen the shooter and could not say that the person in the circled photograph was the person who shot him. *Id.* at 49. He further testified that a police officer suggested the person in the photograph was the shooter. *Id.* at 48. On re-direct examination, he stated that he looked at two photo arrays and "picked this person. When I circled the picture of this person, both of the detectives looked at each other and they said, 'That's our guy.'" *Id.* at 56-57. He also claimed that "I didn't see who did it that night. It was nighttime. The porch was dark. I didn't have time to look at nobody's face." *Id.* at 58.

Detective McCool testified that Thompson picked Whitney's photograph from the photo array. *Id.* at 127. He further stated that before showing Thompson the array, Thompson had told him that he could not see the faces of the attackers because they wore hoodies. *Id.* at 128. He testified on cross-examination that he would be surprised if Thompson testified that the police officers suggested that he identify the photograph of Whitney. *Id.* at 138.

Approximately two hours after Thompson was shot, a male with a gun handle sticking out of his pocket approached Antoine Corbett. *Id.* at 71. The male told Corbett that he would be shot if he failed to cooperate. *Id.* Corbett and the male walked several blocks to a green Dodge Intrepid. *Id.* at 72, 77. Corbett then discovered Whitney behind him. Whitney took Corbett's jacket, compact disc player, wallet, and some food. *Id.* at 72-73. At trial, Corbett identified Whitney as one of the people involved in the robbery. *Id.* at 71-73. He observed Whitney for about 30 seconds, on a "highly illuminated block." *Id.* at 83.

About 20 minutes later, Caoqing Lin's car stopped at a stop sign behind another car. *Id.* at 88. Whitney exited the stopped car, walked up to Lin's car, opened the door, and pointed a small black gun at Lin's head. *Id.* at 88-89. Whitney said something to Lin, which Lin did not understand, as he does not speak English well. *Id.* at 89. Lin testified that, although he did not understand the words, he knew "what he wanted and what he was going to do." *Id.* Lin started to drive away. *Id.* at 90. Whitney returned to his car, and Lin followed Whitney's car, a green Dodge Intrepid. *Id.* at 90-91. Lin flagged down a police

car, pointed to Whitney's car, indicating the driver had a gun. *Id.* Lin identified Whitney at trial. *Id.* at 88. In addition, Officer Brad Deeley, who was in the police car flagged down by Lin, testified that Lin identified Whitney at the scene of Whitney's arrest. *Id.* at 102, 109.

Officer Deeley pulled over the Intrepid. *Id.* at 102. As soon as the car stopped, Brown jumped out and began to run. *Id.* As he was running, he discarded a black .32 revolver, which had two live rounds and two spent rounds. *Id.* at 104. Officer Deeley and his partner apprehended Brown after a brief foot pursuit. *Id.* at 103.

The green Intrepid sped off, but was stopped again by Police Officer Philip Cherry, who arrested Whitney. *Id.* at 116-17. Corbett's wallet was in Whitney's pocket. *Id.* at 117.

The parties stipulated that the bullet recovered from Thompson's collarbone was from the .32 revolver discarded by Brown. *Id.* at 140-41.

At the conclusion of the testimony, the trial court conducted a colloquy of Whitney, which included asking whether Whitney had any witnesses that he wished to call. *Id.* at 144-45. Whitney stated that he did not. *Id.* at 145.

For the crimes against Corbett, the trial court found Whitney guilty of robbery-threat of immediate serious bodily injury, criminal conspiracy, persons not to possess firearms, firearms not to be carried without a license, carrying firearms on public streets in Philadelphia, and possessing instruments

of crime ("PIC").[1] For the crimes against Lin, the trial court found Whitney guilty of robbery – threat of immediate serious bodily injury, criminal conspiracy, persons not to possess firearms, firearms not to be carried without a license, and carrying firearms on public streets in Philadelphia. For the crimes against Thompson, the trial court found Whitney guilty of aggravated assault,[2] persons not to possess firearms, firearms not to be carried without a license, carrying firearms on public streets in Philadelphia, PIC, and discharge of a firearm into an occupied structure.[3]

On March 26, 2010, the trial court sentenced Whitney to an aggregate sentence of 22 to 44 years' imprisonment. Whitney filed a motion for reconsideration of sentence, in which he argued his sentence was excessive and the trial court failed to consider his rehabilitative needs. The trial court denied the motion. Whitney filed an appeal and argued there was insufficient evidence to support a finding that he shot Thompson. On September 7, 2011, this Court affirmed the judgment of sentence. On February 15, 2012, the Pennsylvania Supreme Court denied Whitney's petition for allowance of appeal.

On November 19, 2012, Whitney filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition on March 3, 2015.

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903(a)(1), 6105(a)(1), 6106(a)(1), 6108, and 907(a), respectively.

[2] 18 Pa.C.S.A. 2702(a).

[3] 18 Pa.C.S.A. § 2707.1(a).

The PCRA court issued notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907 and, on September 2, 2016, the PCRA court dismissed the petition. Whitney filed a timely notice of appeal.

Whitney raises the following claims on appeal:

> I. Whether the court erred in denying [Whitney's] PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding tr[ia]l counsel's ineffectiveness.
>
> II. Whether the court erred in not granting relief on the PCRA petition alleging counsel was ineffective.

Whitney's Br. at 9 (suggested answers omitted). We first will address Whitney's second issue.

## I.    Trial Counsel Ineffectiveness Claims

Whitney claims the trial court erred in denying his requested PCRA relief. His PCRA petition claimed his trial counsel was ineffective for failing to: challenge the weight of the evidence; file a motion to sever; file a motion to suppress identification evidence; interview and present a witness; and appeal the denial of the motion for reconsideration of sentence.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011).

To prevail on an ineffective assistance of counsel claim, the petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had

no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." **Ousley**, 21 A.3d at 1244 (quoting **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa.Super. 2010)). "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." **Id.** (quoting **Rivera**, 10 A.3d at 1279). The PCRA court did not err in rejecting Whitney's ineffectiveness claim.

### A. Failure to File a Post-Verdict Motion Alleging the Verdict Was Against the Weight of the Evidence

Whitney first claims his trial counsel was ineffective for failing to raise a claim that the verdict was against the weight of the evidence in a post-verdict motion.[4] He claims the Commonwealth's evidence was inconsistent and unreliable, arguing: (1) Thompson testified he did not know who accosted him, the bullet removed from Thompson came from Brown's gun, and Thompson testified the police suggested he should select Whitney from the photo array; (2) nothing was stolen from Lin, Lin was not injured, and Lin's identification of Whitney was based on only a few seconds; and (3) Corbett's identification of Whitney was "also suspect." Whitney's Br. at 18-19. Whitney

---

[4] In our memorandum addressing Whitney's direct appeal, we stated that Whitney challenged the sufficiency of the evidence to establish Whitney shot Thompson. **Commonwealth v. Whitney**, Nos. 1106 EDA 2010, 1107 EDA 2010, 1108 EDA 2010, unpublished memorandum at 15 (Pa.Super. filed Sept. 7, 2011). We declined to address any claim that the verdict was against the weight of the evidence, noting that Whitney made "passing reference" to the claim, but he failed to develop it in his brief. **Id.** at 14 n.5.

further argues counsel had no reasonable basis for not raising a weight challenge and that the outcome would have been different had she done so.

An appellate court reviews the denial of a motion for a new trial based on a claim that the verdict is against the weight of the evidence for an abuse of discretion. **Commonwealth v. Clay**, 64 A.3d 1049, 1054-55 (Pa. 2013). "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence." **Id.** at 1055 (quoting **Commonwealth v. Widmer**, 744 A.2d 745, 753 (Pa. 2000)).

A trial court should not grant a new trial "because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." **Id.** Rather, to grant a new trial, the trial court must "determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." **Id.** (quoting **Widmer**, 744 A.2d at 752). Stated different, a trial court should not award a new trial unless "the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." **Id.** (quoting **Widmer**, 744 A.2d at 752).

Whitney's underlying claim, that the verdict was against the weight of the evidence, lacks merit.[5] The PCRA court noted that two of three complainants identified Whitney at trial and that it, as fact-finder, found Thompson's identification of Whitney from the photo array was not the result of police suggestion. In addition, the court credited the expert ballistics testimony matching a bullet taken from Thompson to the gun "discarded by [Whitney's] cohort Neroy Brown." Trial Court Opinion, filed May 10, 2017, at 8 ("1925(a) Op."). The PCRA court also found there was "ample circumstantial evidence" of Whitney's guilt, including that Whitney attempted to rob Lin with the same gun used to shoot Thompson. The PCRA court concluded that even if Whitney had convinced the court that the eye-witness identifications were "not entirely reliable," the weight of the evidence still favored conviction and concluded that the verdict did not "shock one's sense of justice." *Id.* at 8-9.

We conclude the PCRA court's findings are supported by the record and, because Whitney's underlying claim lacked merit, the PCRA court did not err in finding Whitney's counsel ineffectiveness claim lacked merit.

## B. Failure to File Motion to Suppress Identification

Whitney claims trial counsel was ineffective for failing to file a motion to suppress identification evidence. He claims the identification procedure used

_____

[5] The PCRA court stated that Whitney's counsel ineffectiveness claim lacked merit because he failed to establish prejudice. Its reasoning, however, supports a finding that Whitney failed to establish the first prong of the ineffectiveness test, that is, that he failed to establish his claim that the verdict was against the weight of the evidence had arguable merit.

for Thompson's pre-trial identification was "so unduly prejudicial as to taint a conviction." Whitney's Br. at 21. He notes that Thompson did not identify Whitney at trial. Further, he relies on Thompson's testimony that he did not know the men who accosted him and had told police he could not see their faces because they wore hoodies. Whitney also notes that Thompson testified that the police officers suggested he select the photograph of Whitney and that Thompson could not say that the person in the circled photograph was the person who shot him. Whitney further claims Lin could not have made a positive identification in the few seconds in which the incident occurred and that Corbett's identification is "also suspect."

The PCRA court found that the counsel ineffectiveness claim for failing to file a motion to suppress Thompson's identification lacked merit because Whitney could not establish he was prejudiced by the failure to file a motion. 1925(a) Op. at 10. The PCRA court found that even without Thompson's identification evidence, the evidence supported the conviction. *Id.* It noted that the bullet taken from Thompson's wound matched the gun taken from Brown and that Whitney and Brown were arrested fleeing the scene of Lin's robbery while riding together in a Dodge Intrepid. *Id.* It concluded that "[e]ven if trial counsel had moved to suppress all of Mr. Thompson's identification testimony, there is not a 'reasonable probability' that the Court would have acquitted [Whitney] of the crimes involving Mr. Thomson." *Id.*

The PCRA court further found that the trial counsel ineffectiveness claim for failing to file a motion to suppress the identifications by Corbett and Lin

lacked merit. The PCRA court noted that Whitney "fails to cite any facts in his Amended Petition explaining why Mr. Corbett's identification was 'suspect.'" 1925(a) Op. at 11. Further, as to Lin's identification, the PCRA court found that there was no evidence presented that Lin failed to make a positive identification. In addition, Lin chased Whitney in his car after the robbery and "immediately identified [Whitney] to police when they apprehended him and Mr. Brown in the green Intrepid." *Id.* at 11.

The PCRA court's conclusions are supported by the record and it did not err in finding the ineffective assistance of counsel claim lacked merit.

### C. Failure to File a Motion to Sever

Whitney next argues that trial counsel was ineffective because she did not file a motion to sever. He maintains that the evidence of the robberies of Lin and Corbett had no bearing on the shooting of Thompson, noting there was no evidence a weapon was fired in the robbery cases. He claims the evidence of the robberies deprived him of a fair trial in the shooting of Thompson and had a prejudicial effect.

A motion to sever "is addressed to the sound discretion of the trial court." *Commonwealth v. Melendez-Rodriguez*, 856 A.2d 1278, 1282 (Pa.Super. 2004) (quoting *Commonwealth v. Jones*, 610 A.2d 931, 936 (Pa. 1992)). Pennsylvania Rule of Criminal Procedure 582 permits offenses charged in different informations to be tried together if "(a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion." Pa.R.Crim.P.

582(a). Rule 583 governs severance and provides that "[t]he court may order separate trials of offenses . . . if it appears that any party may be prejudiced by offenses or defendants being tried together." Therefore, when addressing a motion to sever, courts must determine "[1] whether the evidence of each of the offenses would be admissible in a separate trial for the other; [2] whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative, [3] whether the defendant will be unduly prejudiced by the consolidation of offenses." **Melendez-Rodriguez**, 856 A.2d at 1282 (quoting **Commonwealth v. Collins**, 703 A.2d 418, 422 (Pa. 1997)) (alterations in original).

"[E]vidence of other crimes is admissible when it tends to prove a common scheme, plan or design embracing the commission of two or more crimes so related to each other that proof of one tends to prove the others or to establish the identity of the person charged with the commission of the crime on trial." **Commonwealth v. Taylor**, 671 A.2d 235, 235-40 (Pa.Super. 1996) (alternation in original; emphasis deleted). Courts consider the following factors when determining similarity: "the elapsed time between the crimes, the geographical proximity of the crime scenes, and the manner in which the crimes were committed." **Commonwealth v. Dozzo**, 991 A.2d 898, 902 (Pa.Super. 2010) (quoting **Commonwealth v. Taylor**, 671 A.2d 235, 240 (Pa.Super. 1996)).

"Where a trial concerns distinct criminal offenses that are distinguishable in time, space and the characters involved, a jury is capable of separating the evidence." **Dozzo**, 991 A.2d at 903 (quoting **Collins**, 703 A.2d at 423). Further, the prejudice required by Rule 583 is "that which would occur if the evidence tended to convict [the] appellant only by showing his propensity to commit crimes, or because the jury was incapable of separating the evidence or could not avoid cumulating the evidence." **Id.** at 902 (quoting **Collins**, 703 A.2d at 422). "[T]he admission of relevant evidence connecting a defendant to the crimes charged is a natural consequence of a criminal trial, and it is not grounds for severance by itself." **Id.**

The PCRA court found that the evidence of each crime would have been admissible at a trial for each other charged crime under a "common plan or scheme" or "identity" theory. 1925(a) Op. at 12. The PCRA court reasoned that the evidence showed Whitney and Brown performed the robberies together using the gun that was used to shoot Thompson, the robberies occurred within a two-hour period, the robberies were within a two and one-half mile radius, and, in each case, Whitney and Brown rode together in the green Intrepid. **Id.** It found the case similarities "sufficient to show a 'common plan or scheme' and to show the identity of the perpetrator in the related charges under [Pennsylvania Rule of Evidence] 404(b)." **Id.** at 12-13. This was not error.

In addition, we conclude that each offenses was distinguishable in time, space and the characters involved and that the Commonwealth presented the

evidence of each offense separately, preventing confusion of the fact-finder. **See Dozzo**, 991 A.2d at 903. In addition, the introduction of the evidence did not prejudice Whitney. **See id.**

Accordingly, we agree with the PCRA court that a motion to sever would have been meritless and conclude the PCRA court did not err in denying Whitney's counsel ineffectiveness claim.

### D. Failure to Interview Witness

Whitney maintains trial counsel was ineffective for failing to interview Brown as a potential witness. He claims Brown, who pled guilty, would have testified that Whitney was not with Brown on the night of the crimes and that Whitney never had a gun.

To establish counsel was ineffective for failing to investigate and call a witness, the PCRA petitioner must prove "(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial." **Commonwealth v. Johnson**, 966 A.2d 523, 536 (Pa. 2009) (quoting **Commonwealth v. Washington**, 927 A.2d 586, 599 (Pa. 2007)). Further, a PCRA petitioner waives this claim if, during a colloquy conducted at the time of trial, the defendant agrees that there are no witnesses he would like counsel to present. **Commonwealth v. Pander**, 100 A.3d 626, 642-43 (Pa.Super. 2014) (*en banc*).

Whitney relies on **Commonwealth v. Nock**, 606 A.2d 1380 (Pa.Super. 1992), to support his claim. In **Nock**, this Court found that counsel was ineffective for failing to interview and call an eyewitness to a murder. 606 A.2d at 1384. The eyewitness had provided inconsistent statements, including, but not limited to, a statement to the police that he saw the appellant with the co-defendant at the time of the shooting and his testimony before the grand jury that the defendant was on steps near the shooting nodding off and that he did not appear to be with the co-defendant, who shot the victim. **Id.** at 1381-82. We concluded it was unreasonable for counsel to not call the eyewitness and that the defendant was prejudiced by this failure. We reasoned the witness would have provided exculpatory testimony and that the conviction was based on inconsistent testimony from another eyewitness, whose "various accounts of appellant's role in the shooting were inconsistent and unclear. At different times, he stated that appellant did have a gun, that he did not know if appellant had a gun, that appellant was firing his gun, that [the co-defendant] was the only person firing a gun." **Id.** at 1382-83.

Here, the PCRA court noted that it conducted a colloquy of Whitney regarding the presentation of witnesses, and asked whether "there were any witnesses [h]e wanted to call," and Whitney responded that there were not. 1925(a) Op. at 13 (quoting N.T., 2/3/10, at 143; 145) (alteration in original). The PCRA court found, based on the colloquy, that Whitney waived the ineffectiveness claim. **Id.** at 13 (quoting **Commonwealth v. Lawson**, 762 A.2d 753, 756 (Pa.Super. 2000)).

The PCRA court further noted that had Whitney not waived the claim, the court would find it lacked merit. The PCRA court reasoned that Whitney failed to establish prejudice because he did not "explain how this testimony would have 'materially aided' his case in view of the abundant other evidence favoring his conviction." *Id.* at 14.

We conclude that the record supports the PCRA court's conclusions and that it did not err in finding Whitney's ineffectiveness claim waived, or, in the alternative, meritless. Unlike the defendant in *Nock*, Whitney stated that he agreed with counsel that no witnesses would testify and, as the PCRA court noted, Whitney fails to explain how Brown's purported testimony would have changed the outcome, as there was ample evidence to support the conviction.

### E. Failure to Appeal His Sentence as Harsh and Unreasonable

Whitney next alleges his counsel was ineffective for failing to challenge the denial of the post-sentence motion on appeal. He maintains the trial court gave no reasons for its sentence and the court disregarded mitigating factors.

Whitney's claim would have challenged the discretionary aspects of his sentence. On such claims, this Court will not disturb the sentence absent a manifest abuse of discretion. *Commonwealth v. Gould*, 912 A.2d 869, 872 (Pa.Super. 2006).

The PCRA Court noted that Whitney failed to cite any mitigating factors that he believed warranted a reduced sentence in his PCRA petition. Further, it noted that the trial court had a presentence report and mental health evaluation prior to sentencing and, therefore, is presumed to have been aware

of any mitigating factors. 1925(a) Op. at 15. In addition, the trial court had explained its reasoning for the sentence, that is, "the fact that these three crimes all occurred with the use of a gun within a short period of time." *Id.* (N.T., 3/26/10, at 8). The PCRA court concluded that Whitney failed to establish prejudice, reasoning that any appeal would have been reviewed for an abuse of discretion and, here, the trial court did not abuse its discretion when sentencing Whitney. The PCRA court, therefore, found the ineffective assistance of counsel claim lacked merit. *Id.* This determination was supported by the record and the PCRA court did not err.

## II.  Dismissal of the PCRA Petition Without a Hearing

Whitney also claims the PCRA court erred when it dismissed the petition without an evidentiary hearing. A PCRA court may "decline to hold an evidentiary hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012) (quoting *Commonwealth v. Turetsky*, 925 A.2d 876, 879 (Pa.Super. 2007)). On appeal, to determine whether the failure to conduct a hearing was error, this Court "examine[s] each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." *Id.* (quoting *Turetsky*, 925 A.2d at 882).

As discussed above, Whitney's counsel ineffectiveness claims lacked merit. The PCRA court did not err in dismissing the petition without a hearing, as there were no genuine issues of material fact regarding the claims.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/18