COMMONWEALTH of Pennsylvania,
Appellee,

v.

Jimel LAWSON, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 4, 2000.

Filed Nov. 9, 2000.

NiaLena Caravasos, Philadelphia, for appellant.

Stuart Magargee, Asst. Dist. Atty., Philadelphia, for Commonwealth.

Before STEVENS, LALLY–GREEN, and OLSZEWSKI, JJ.

OLSZEWSKI, J.:

¶ 1 Jimel Lawson appeals from the judgment of sentence following his conviction for murder in the first degree, robbery, and criminal conspiracy. We affirm.

¶ 2 On the evening of August 6, 1996, appellant went to the victim's home to collect money owed to appellant by the victim. There, appellant shot at the victim, and the victim died shortly thereafter as a result. A jury subsequently convicted appellant of murder in the first degree, robbery, and criminal conspiracy. This timely appeal followed.

¶ 3 Appellant raises the following questions for our review:

1. Did trial counsel interfere with Jimel Lawson's constitutional right to testify?

2. Was trial counsel ineffective for failing to investigate and present evidence regarding a pager number that Lena Laws claimed allegedly belonged to the real shooter who was known by the nickname *Mellow?*

3. Was trial counsel ineffective for failing to investigate and present witnesses on behalf of Mr. Lawson?

4. Was trial counsel ineffective for failing to elicit testimony during cross-examination to show that Lena Laws was granted leniency by the Commonwealth in not being prosecuted for her drug-related crimes?

5. Was trial counsel ineffective for failing to request that the trial court dismiss one of the jurors for falling asleep during the trial?

6. Did the trial court err in denying the jury's request to have the testimony of Lena Laws read back to them regarding the location in which Mr. Howard was shot as well as their request to see the police officer's diagram of the house?

Appellant's brief, at 5.

¶ 4 First, appellant claims that his counsel was ineffective for allegedly interfering with appellant's right to testify. In order to succeed on a claim that counsel was ineffective for failing to put appellant on the stand, appellant must prove either: "(1) that counsel interfered with the defendant's right to testify, or (2) that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf." *Commonwealth v. Breisch,* 719 A.2d 352, 355 (Pa.Super.1998). Appellant has failed to meet this burden.

¶ 5 Appellant contends that his failure to testify was due to trial counsel's interference.[1] During a colloquy with the trial court, however, appellant stated that he was aware of his right to testify, was not promised anything or forced to give up that right, and voluntarily waived that right.[2] *See* N.T. Trial, 5/19/99, at 82–83. It is well settled that a defendant who made a knowing, voluntary, intelligent waiver of testimony may not later claim ineffective assistance of counsel for failure to testify. *See Commonwealth v. Fletcher,* 561 Pa. 266, 750 A.2d 261, 274–75 (2000); *Commonwealth v. Schultz,* 707 A.2d 513, 520 (Pa.Super.1997) ("While, in retrospect, appellant may believe her failure to testify prejudiced her, the fact remains that appellant's decision was fully informed and voluntary. As such, neither trial nor appellate counsel may be deemed ineffective in this regard.") *See also Commonwealth v. Wallace,* 347 Pa.Super. 248, 500 A.2d 816, 819–820 (1985); *Commonwealth v. Spells,* 490 Pa. 282, 416 A.2d 470, 474 (1980) ("[W]here the appellant knowingly and intelligently decided not to testify, based on conversations with his lawyer, and the colloquy with the trial judge, we

---

1. Appellant alleged his trial attorney "refused to allow him to testify," and "insisted that [appellant] give certain answers during the colloquy...." Appellant's brief, at 5.

2. When asked if "anyone promised you anything or forced you to in any way give up your right to take the stand," appellant replied, "no." N.T. Trial, 5/19/99, at 82–83.

find no ineffectiveness."). A defendant will not be afforded relief where he voluntarily waives the right to take the stand during a colloquy with the court, but later claims that he was prompted by counsel to lie or give certain answers. After carefully reviewing the record, we are satisfied that appellant made a voluntary, knowing, intelligent waiver of testimony. Consequently, his claim for ineffective assistance of counsel fails.

■ ¶ 6 Next, appellant argues that trial counsel was ineffective for failure to investigate allegedly exculpatory evidence. Specifically, appellant asserts that trial counsel should have investigated a pager number, which allegedly belonged to the "real" shooter.

In order to establish an ineffectiveness claim, appellant must demonstrate: (1) that the underlying claim is of arguable merit; (2) that counsel's action or inaction was not grounded on any reasonable basis designed to effectuate appellant's interest; and (3) that there is a reasonable probability that the act or omission prejudiced appellant in such a way that the outcome of the proceeding would have been different.

*Fletcher*, 750 A.2d at 273. The burden of proof for all three prongs is on the appellant. *Commonwealth v. Abu–Jamal*, 553 Pa. 485, 720 A.2d 79, 88 (1998). "If it is clear that Appellant has not met the prejudice prong of the ineffectiveness standard, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met." *Commonwealth v. Travaglia*, 541 Pa. 108, 661 A.2d 352, 357 (1995) (citing *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). There is no evidence in the record, or in appellant's brief to suggest that prejudice resulted from trial counsel's alleged failure to investigate this information. First, appellant has not proved that trial counsel did investigate the pager information and discover the search was fruitless. Appellant himself states that the pager records "are no longer available for retrieval." Appellant's brief, at 16. Second, assuming proof that the pager did not belong to appellant, appellant has failed to show how this information would affect the outcome of the trial. This alleged piece of evidence was not introduced at any stage of trial. The Commonwealth's witness positively identified appellant at trial as the person who shot the victim, without the assistance of the pager number information. *See* N.T. Trial, 5/17/99, at 44–46. Because there is no showing of prejudice, this claim must also fail.

■ ¶ 7 Appellant's third claim is that trial counsel was ineffective for failing to investigate and present witnesses on behalf of appellant. At the outset, we note that during a colloquy with the trial court, appellant declined to present witnesses on his behalf. *See* N.T. Trial, 5/19/99, at 82–82. As we stated earlier, a voluntary waiver of testimony bars a claim of ineffective assistance for failure to testify. *See Fletcher*, 750 A.2d at 274–75. We extend the analysis used in *Spells, Wallace, Schultz, Fletcher* and their progeny to apply to waiver of witness testimony. A defendant who voluntarily waives the right to call witnesses during a colloquy cannot later claim ineffective assistance and purport that he was coerced by counsel.

■ ¶ 8 Appellant's claim would not survive even if he did not decline to call witnesses. To prevail on a claim for ineffective assistance of counsel for failure to call witnesses, appellant must demonstrate:

(1) that the witnesses existed; (2) that the witnesses were available; (3) that counsel was informed of the existence of the witnesses or should have known of the witnesses' existence;(4) that the witnesses were available and prepared to cooperate and would have testified on Appellant's behalf; and (5) that the absence of the testimony prejudiced the Appellant.

*Commonwealth v. Pursell,* 555 Pa. 233, 724 A.2d 293, 306 (1999). While appellant has submitted affidavits that potentially satisfy criteria (1) through (4) (*see* Reproduced Record for Appellant, containing affidavits from appellant, Sandra Lawson, Nellie Thompson, James Lawson, and Wesley Jackson), he has not demonstrated how the absence of this testimony was prejudicial to his case. Appellant states that potential witness Sandra Lawson "would have established a possible timeline defense," and would have testified that appellant "would come to her home for dinner practically every evening after work ... and that he did so in August 1996." Appellant's brief, at 17. This declaration does not establish an alibi for appellant. There is no evidence that the outcome would have been different had this testimony been heard in court. Further, the fact that other witnesses could have testified that appellant was never known to them by the nickname "Mellow," and they did not know appellant with a shaved head, does not prove that appellant was prejudiced. The allegation of a bald head and nickname were not the only characteristics used to identify the appellant. The Commonwealth's witness testified that she knew appellant for several months before the incident, and she independently identified appellant both at the police station in a photo line-up and during the trial. *See* N.T. Motion to Suppress, 5/13/99, at 16–20; N.T. Trial, 5/17/99, at 44–54. None of the witnesses appellant now offers could provide him with an alibi or other defense, such that prejudice resulted from lack of their testimony. Therefore, this claim of ineffective assistance also fails.

■ ¶ 9 Appellant also argues that trial counsel was ineffective for failing to elicit testimony during cross-examination that the Commonwealth's witness was biased. This argument has no merit. Appellant makes a bald allegation that the Commonwealth granted leniency to its witness, but offers not a shred of evidence that any such deal was struck. "A defendant must 'set forth an offer to prove at an

appropriate hearing sufficient facts upon which a reviewing court can conclude that ... counsel may have, in fact, been ineffective.'" *Commonwealth v. Priovolos,* 552 Pa. 364, 715 A.2d 420, 422 (1998) (citing *Commonwealth v. Pettus,* 492 Pa. 558, 424 A.2d 1332, 1335 (1981)). Appellant makes no offer of proof in his brief, and is not entitled to a hearing on this ground.

■ ¶ 10 Appellant's last claim of ineffective assistance avers that trial counsel should have requested to dismiss an allegedly sleeping juror. As we stated earlier, if the prejudice prong of an ineffective assistance claim is not met, the entire claim may be dismissed. *See Travaglia,* 661 A.2d at 357. Even if a juror slept through portions of the trial, appellant has failed to show that he suffered prejudice. *See* Appellant's brief at 18–19. Appellant does not state what portions of the trial the juror allegedly slept through. *See* Reproduced Record for Appellant, at 1a, 4a. Further, the Commonwealth presented ample evidence to convict appellant. *See* N.T. Trial, 5/17/99, 5/19/99. Appellant did not demonstrate that but for the sleeping juror, the outcome of the trial would have been different. *See* Appellant's brief at 18–19. While this Court has not recently reviewed claims regarding allegedly sleeping jurors, we find the holdings of other jurisdictions to be persuasive. *See U.S. v. Ortiz,* 1993 WL 303286 at *2 (E.D.Pa. August 5, 1993) (denying mistrial where defendant's allegations of sleeping jurors did not amount to deprivation of constitutional right to fair trial); *U.S. v. Fiore,* 2000 WL 149289 (N.D.Ill. Feb.9, 2000) (affirming appellant's conviction despite claim of sleeping jurors where appellant showed no affect on outcome of trial); *Missouri v. Williams,* 945 S.W.2d 575, 583 (Mo.Ct.App. 1997) ("The mere fact that a juror slept during the trial does not entitle him to relief, he must have been prejudiced by that sleeping ."); *State v. Graber,* 1995 WL 434227 at *17 (April 3, 1995 Ohio Ct.App.) (finding no prejudice where trial counsel didn't request removal of a sleeping juror,

the court held counsel's actions may have been the "result of sound trial strategy rather than negligence"). Here, appellant has not shown that he suffered actual prejudice; therefore, his claim for ineffective assistance fails.

▪ ¶ 11 Appellant's final claim is that the trial court erred in refusing to read back portions of a witness's testimony to the jury, and also to allow jurors to view a document not in evidence. Appellant is required by Pa.R.A.P. 2117(c) and 2119(e) to state in both the "Statement of the Case" and the "Argument," the specific portion of the record where the issue was preserved for appeal. Appellant's brief does not comply with these requirements. Further, upon review of the record, we find no objection by defense counsel to the trial court's decision. *See* N.T. Trial, 5/21/99, at 7–17. Under Pa.R.A.P. 302(a), "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." *See also Commonwealth v. Edmondson,* 553 Pa. 160, 718 A.2d 751, 753 (1998); *Commonwealth v. Dennis,* 548 Pa. 116, 695 A.2d 409, 411 (1997) ("[I]f appellate courts were to consider issues not raised in the trial court, then the trial would become a dress rehearsal ....") (citing *Dilliplaine v. Lehigh Valley Trust Company,* 457 Pa. 255, 322 A.2d 114, 116 (1974)); *Commonwealth v. Jones,* 248 Pa.Super. 214, 375 A.2d 63, 65–66 (1977) (holding that failure to object to trial court's refusal of further instruction to jury during deliberation results in waiver of issue on appeal). Because appellant did not preserve the issue at trial, this claim is waived.

¶ 12 Judgment of sentence affirmed.