J-S75004-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN BROOKS | |
| Appellant | No. 2371 EDA 2013 |

Appeal from the PCRA Order July 12, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0903189-2006

BEFORE:  ALLEN, J., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                **FILED JANUARY 23, 2015**

Appellant, Steven Brooks, appeals from the July 12, 2013 order dismissing without a hearing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1]  After careful review, we affirm.

The underlying facts are set forth in full in this Court's memorandum resolving Appellant's direct appeal.  *See Commonwealth v. Brooks*, 981 A.2d 307 (Pa. Super. 2009) (unpublished memorandum at 2-3), *appeal denied*, 983 A.2d 725 (Pa. 2009).  Briefly, on August 2, 2006, Appellant was involved in a home invasion.  On that day, at 5:45 a.m., Appellant and two accomplices entered the basement of the victims' home by breaking in

---

[1] The Commonwealth elected not to file a brief in this matter.

through a locked window. This window was the only way to access the basement from outside of the house. Once inside, Appellant and his two accomplices, at least one of whom was armed with a gun, used physical force and threats to take various items and money from the home's four occupants, two adults and two minors. Appellant was arrested after his fingerprints were discovered on the inside of the broken window in the basement. On October 24, 2006, the Commonwealth filed an information, charging Appellant with two counts of robbery, five counts of simple assault, and one count each of criminal conspiracy, burglary, possession of firearm prohibited, firearms not to be carried without a license, attempted theft, carrying firearms in public in Philadelphia, criminal mischief, aggravated assault, theft by unlawful taking, and receiving stolen property.[2]

On February 6, 2008, a jury convicted Appellant of two counts of robbery, one count of burglary, two counts of simple assault, and one count of criminal conspiracy. On March 28, 2008, the trial court imposed an aggregate term of 15 to 30 years' imprisonment followed by 20 years' probation.[3] Appellant filed a timely post-sentence motion on April 4, 2008,

_____

[2] 18 Pa.C.S.A. §§ 3701(a), 2701(a), 903(a), 3502(a), 6105(a), 6106(a), 901(a), 6108, 3304(a), 2702(a), 3921(a), and 3925(a), respectively.

[3] Specifically, the trial court sentenced Appellant to ten to twenty years' imprisonment for each robbery conviction to run concurrent to each other. Additionally, the trial court imposed a sentence of ten years' probation consecutive to confinement on the first robbery count. The trial court
*(Footnote Continued Next Page)*

- 2 -

which the trial court denied on July 11, 2008. On that same date, Appellant filed a timely notice of appeal. On June 16, 2009, this Court issued a memorandum decision, affirming the March 28, 2008 judgment of sentence. **Brooks**, **supra**. On November 4, 2009, our Supreme Court denied Appellant's petition for allowance of appeal. **Id.**

On February 22, 2010, Appellant filed a timely *pro se* PCRA petition. The court appointed counsel who filed an amended PCRA petition on November 29, 2010. The PCRA court issued a dismissal notice pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure on August 8, 2011.[4] Apparently, in an attempt to respond, Appellant filed a second *pro se* PCRA petition on October 27, 2011. On July 12, 2013, the PCRA court

_(Footnote Continued)_ _____

imposed a sentence of five to ten years' imprisonment and ten years' probation consecutive to confinement for the burglary conviction, both to run consecutive to the robbery sentences. For the simple assault conviction, the trial court sentenced Appellant to one to two years' imprisonment consecutive to the robbery sentence, but concurrent to the burglary sentence. N.T., 3/28/08, at 22-25.

[4] The proof of service for the Rule 907 notice indicates that the notice was served on Appellant and the attorney for the Commonwealth, but not on Appellant's court-appointed attorney even though counsel had entered his appearance for Appellant and filed an amended PCRA petition. **See** PCRA Court Rule 907 Notice, 8/8/11, at 1-2; Appellant's Amended PCRA Petition, 11/29/10.

dismissed Appellant's counseled amended PCRA petition without a hearing.[5]

On August 11, 2013, Appellant filed a timely notice of appeal.[6]

On appeal, Appellant raises the following issue for our review.

> I. Did the PCRA court err when it dismissed [Appellant's] [a]mended [PCRA] [p]etition without a hearing and should [Appellant] be remanded to the PCRA court for an evidentiary hearing as the result of evidence which supported [Appellant]'s averments in his *pro se* [p]etition, but which, for various reasons, was not available to counsel at the time of the PCRA hearings?

Appellant's Brief at 3. Appellant seeks a remand for an evidentiary hearing on his claim that trial counsel was ineffective for failing to present alibi witnesses at trial.[7]

The following principles guide our review of an appeal from the denial of PCRA relief.

---

[5] Appellant's counsel contacted the PCRA court after no action was taken on the Rule 907 notice or PCRA petition for nearly two years. This resulted in the PCRA court formally dismissing the petition. PCRA Court Order Dismissing PCRA Petition, 7/12/13, at 1. The reason for the delay is not clear from the certified record.

[6] The PCRA court did not order Appellant to file a concise statement pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On December 11, 2013, the PCRA court filed its Rule 1925(a) opinion providing its reasoning for dismissing Appellant's PCRA petition without a hearing.

[7] In his brief, Appellant indicates that he is not pursuing the claims in his PCRA petition that trial counsel was ineffective for failing to call certain character witnesses because "character would not have been something to have been pursued at [the] time of trial by a wise attorney." Appellant's Brief at 8.

On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. [Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Medina*, 92 A.3d 1210, 1214-1215 (Pa. Super. 2014) (*en banc*) (internal quotation marks and citations omitted), *appeal granted*, --- A.3d ---, 2014 WL 6991663 (Pa. 2014). Further, in order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at Section 9543(a)(2) of the PCRA. 42 Pa.C.S.A. § 9543(a)(2). These errors include ineffectiveness of counsel. *Id.* § 9543(a)(2)(ii). These issues must be neither previously litigated nor waived. *Id.* § 9543(a)(3).

In this case, Appellant contests the propriety of the PCRA court dismissal of his PCRA petition without conducting a hearing.

[T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of

material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012), *quoting*

*Commonwealth v. Turetsky*, 925 A.2d 876, 882 (Pa. Super. 2007)

(internal citations omitted), *appeal denied,* 940 A.2d 365 (Pa. 2007); **see**

**also** Pa.R.Crim.P. 907. "The controlling factor … is the status of the

substantive assertions in the petition. Thus, as to ineffectiveness claims in

particular, if the record reflects that the underlying issue is of no arguable

merit or no prejudice resulted, no evidentiary hearing is required."

*Commonwealth v. Baumhammers*, 92 A.3d 708, 726-727 (Pa. 2014).

We review a PCRA court's decision to dismiss without a hearing for abuse of

discretion. **Wah**, **supra**.

Appellant alleges ineffective assistance of trial counsel. When

reviewing a claim of ineffectiveness, we apply the following test, first

articulated by our Supreme Court in **Commonwealth v. Pierce**, 527 A.2d

973 (Pa. 1987).

> When considering such a claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim.
>
> To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.

- 6 -

…

> [T]o demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different.

*Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013) (internal quotation marks and citations omitted). "Failure to establish any prong of the test will defeat an ineffectiveness claim." *Commonwealth v. Birdsong*, 24 A.3d 319, 329 (Pa. 2011).

Appellant's specific claim is that his trial counsel was ineffective for failing to present three alibi witnesses that could testify to Appellant's whereabouts at the time of the home invasion. Appellant's Brief at 8-9. Moreover, Appellant asserts that the PCRA court erred in dismissing his petition without a hearing because "counsel believes that there are affidavits or letters that should be seen by the PCRA [c]ourt to make its own determination as to whether the alibi witnesses would have made a difference." *Id.* at 8.

An appellant's burden to show ineffectiveness resulting from trial counsel's failure to present witness testimony at trial requires adherence to the following test.

> A defense counsel's failure to call a particular witness to testify does not constitute ineffectiveness *per se.* *Commonwealth v. Cox*, 603 Pa. 223, 267, 983 A.2d 666, 693 (2009) (citation omitted). "In establishing whether defense counsel was ineffective for failing to call witnesses, a defendant must prove the witnesses existed, the witnesses were ready and

willing to testify, and the absence of the witnesses' testimony prejudiced petitioner and denied him a fair trial." ***Id.*** at 268, 983 A.2d at 693.

***Commonwealth v. Johnson***, 27 A.3d 244, 247 (Pa. Super. 2011).

Moreover, our Supreme Court has held that "a defendant who makes a knowing, voluntary, and intelligent decision concerning trial strategy will not later be heard to complain that trial counsel was ineffective on the basis of that decision." ***Commonwealth v. Paddy***, 800 A.2d 294, 316 (Pa. 2002) (citation omitted). Accordingly, "[a] defendant who voluntarily waives the right to call witnesses during a colloquy cannot later claim ineffective assistance and purport that he was coerced by counsel." ***Commonwealth v. Lawson***, 762 A.2d 753, 756 (Pa. Super. 2000); ***see also Paddy***, ***supra*** at 315; ***Commonwealth v. Pander***, 100 A.3d 626, 642-643 (Pa. Super. 2014) (*en banc*).

Appellant declined to present witnesses on his behalf during the following colloquy with the trial court.

> **THE COURT**: You also have a right to testify in your case. You have a right to testify. If you wish, you have a right to present other witnesses. You have a right to present evidence in your own defense.
>
> Is that clear?
>
> **[APPELLANT]**: Yes.
>
> **THE COURT**: You have a right to present a defense, excuse or justification, if you so desire.
>
> Do you understand that?

**[APPELLANT]**: Yes, sir.

…

**THE COURT**: Do you understand that, if you wished to give up that right [to testify], the Constitution affords you a right of silence at trial, a right against self-incrimination.

Is that clear to you?

**[APPELLANT]**: Yes.

**THE COURT**: What that means is you may, in a sense, say to the Commonwealth, ["]you brought these charges; you prove them,["] and not testify or call witnesses.

Is that clear to you?

**[APPELLANT]**: Yes.

**THE COURT**: What approach you take is -- as I've said, and it bears repeating -- your decision and yours alone. It's not [trial counsel's] decision. It's Steven Brooks' decision.

Do you understand?

**[APPELLANT]**: Yes.

…

**THE COURT**: Are there any other witnesses you wish to call?

**[APPELLANT]**: No, sir.

N.T., 2/6/08, at 42-45.

Thus, from the foregoing colloquy it is clear that Appellant was thoroughly advised of his right to present a defense and to call witnesses on

his behalf, and knowingly and voluntarily declined to do so. Appellant acknowledged that the approach to trial strategy was Appellant's decision alone. *Id.* Appellant stated that he did not wish to testify or introduce witnesses on his behalf. *Id.* There is no indication in the record, or argument from Appellant, that this decision was not knowing, voluntary, and intelligent. Therefore, Appellant may not now claim trial counsel was ineffective on this basis. *See Lawson*, *supra*; *Paddy*, *supra*; *Pander*, *supra*.

Based on the foregoing, we conclude that the PCRA court properly dismissed Appellant's amended petition without an evidentiary hearing as the record reflects Appellant's ineffectiveness claim is of no arguable merit. *See Medina*, *supra*; *Baumhammers*, *supra*. Accordingly, the PCRA court's July 12, 2013 order is affirmed.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/23/2015