J-S11019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES E. SATTERTHWAITE | |
| Appellant | No. 1311 EDA 2017 |

Appeal from the PCRA Order entered April 21, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0704341-2003

BEFORE: OTT, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 17, 2018**

Appellant, James E. Satterthwaite, appeals from the April 21, 2017 order of the Court of Common Pleas of Philadelphia County, dismissing his first amended petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The PCRA court summarized the factual and procedural background of this matter as follows:

> [Appellant] was charged, *inter alia*, [] with [m]urder, generally, and [c]arrying a [f]irearm on a [p]ublic [s]treet. These charges arose from an incident in which [Appellant] shot and killed the victim, Norman Simon, during an argument.
>
> [Appellant] was tried in May of 2004, by the Honorable Kathryn Streeter Lewis and a jury. At the conclusion of the trial, the jury found [Appellant] guilty of [t]hird-[d]egree [m]urder and [c]arrying a [f]irearm on a [p]ublic [s]treet. On July 20, 2004, Judge Streeter Lewis sentenced [Appellant] to eighteen to thirty-six years in prison on the [m]urder of the third[] degree charge

and nine to eighteen months in prison on the [c]arrying a [f]irearm on a [p]ublic [s]treet charge. The sentences were directed to run concurrently. [Appellant] filed a direct appeal to the Superior Court on October 4, 2004. [Appellant] filed a petition for allowance of appeal to the Supreme Court[, which was denied on December 28, 2005.] (415 EAL 2005).

On January 5, 2007, [Appellant] filed a *pro se* petition pursuant to the [PCRA]. The matter was assigned to Judge Street[er] Lewis for disposition and counsel was appointed to represent [Appellant] in the PCRA proceeding. On May 28, 2008, counsel filed an amended petition alleging ineffective assistance of counsel. Judge Streeter Lewis resigned from the bench before she could rule on the petition and the matter was re-assigned to the Honorable Benjamin Lerner. On August 15, 2008, Judge Lerner conducted an evidentiary hearing and on February 6, 2009, his Honor granted [Appellant]'s PCRA petition and ordered a new trial.

The Commonwealth appealed Judge Lerner's decision to the Superior Court, which, on October 7, 2010, affirmed the order issued by the PCRA court. (679 EDA 2009). The Commonwealth thereafter filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied [o]n July 27, 2011 (582 EAL 2010).

On remand, the matter was assigned to this [c]ourt for a retrial, which occurred in January of 2013. At the conclusion of the non-jury trial, this [c]ourt found [Appellant] guilty of [t]hird-[d]egree [m]urder and [c]arrying a [f]irearm on a [p]ublic [s]treet. On May 31, 2013, this [c]ourt sentenced [Appellant] to eighteen to thirty-six years in prison on the [t]hird-[d]egree [m]urder charge and two and one half to five years in prison on the weapons charge. The sentences were order[ed] to run concurrently. [Appellant] thereafter filed post-sentence motions and when they were denied, he filed a timely notice of appeal as well as a requested [Pa.R.A.P.] 1925(b) statement.

On September 15, 2014, the Superior Court issued a memorandum and order affirming the judgment of sentence. (1943 EDA 2013). [Appellant] thereafter filed a [p]etition for [a]llowance of [a]ppeal, which was denied by the Pennsylvania Supreme Court on February 17, 2015. (508 EAL 2014).

On February 1, 2016, [Appellant] filed a timely PCRA petition. Counsel was appointed to represent him and on October 30, 2016, appointed counsel filed an amended petition. Following the filing of a [m]otion to [d]ismiss by the Commonwealth, this [c]ourt assiduously reviewed the record and all of the filings. Upon doing so, this [c]ourt concluded that the issue raised by [Appellant] was meritless and that no other meritorious issues existed. Consequently, it sent [Appellant] a Pa.R.Crim.P. 907 Notice of Intent to Dismiss on March 24, 2017. [Appellant] did not file a response thereto and on April 21, 2017, this [c]ourt issued an order dismissing [Appellant]'s PCRA petition without a hearing. [Appellant] thereafter filed a timely notice of appeal.

PCRA Court Opinion, 6/21/17, at 1-3.

On appeal, Appellant argues that the PCRA court erred in dismissing Appellant's PCRA petition without a hearing "when trial counsel was ineffective for failing to call [an alibi witness], and when Appellant was prejudiced as a result?" Appellant's Brief at 4.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014).

In analyzing the claim of trial counsel ineffectiveness for failing to investigate and call a witness at trial, in *Commonwealth v. Johnson*, 966 A.2d 523 (Pa. 2009), our Supreme Court explained:

Counsel has a general duty to undertake reasonable investigations or make reasonable decisions that render particular investigations unnecessary. . . . The duty to investigate, of course, may include a duty to interview certain potential witnesses; and a prejudicial failure to fulfill this duty, unless pursuant to a reasonable strategic decision, may lead to a finding of ineffective assistance. Recently

- 3 -

summarizing cases in **Commonwealth v. Dennis**, 597 Pa. 159, 950 A.2d 945 (2008), this Court stated that:

> These cases . . . arguably stand for the proposition that, at least where there is a limited amount of evidence of guilt, it is *per se* unreasonable not to attempt to investigate and interview known eyewitnesses in connection with defenses that hinge on the credibility of other witnesses. They do not stand, however, for the proposition that such an omission is *per se* prejudicial.

> **Id.** at 960 [citations omitted].

> . . . .

> When raising a failure to call a potential witness claim, the PCRA petitioner satisfies the performance and prejudice requirement of the **Strickland**[1] test by establishing that:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

> **Commonwealth v. Washington**, 592 Pa. 698, 927 A.2d 586, 599 (2007). To demonstrate **Strickland** prejudice, the PCRA petition must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case.

**Id.** at 535-36 (some citations and quotations omitted).

The PCRA court addressed Appellant's claim as follows:

> Instantly, this [c]ourt properly denied [Appellant] relief with respect to his claim because he averred during a colloquy conducted during the trial that he agreed with trial counsel's decision not to call [the witness] and that he did not want any witness called. During the colloquy, [Appellant] was specifically asked if "[counsel] refused to call anyone [Appellant] want[ed] to

_____

[1] **Strickland v. Washington**, 466 U.S. 688 (1984).

call to testify?" and he said, "No." This [c]ourt also inquired of h[i]m if "[counsel] refuse[d] to do anything [Appellant] didn't want?" [Appellant] again said, "No." Finally, [Appellant] stated that he was satisfied with trial counsel's representation and he responded affirmatively.

PCRA Court Opinion, 6/21/17, at 5-6 (citation to notes of testimony omitted).

In support of its conclusions, the PCRA court relied on *Commonwealth v. Paddy*, 800 A.2d 294, 315 (Pa. 2002) (for the proposition that "counsel was not ineffective for failing to call witnesses where the defendant stated during colloquy that 'he agreed with . . . counsel's decision not to call them.'")), *Commonwealth v. Pander*, 100 A.3d 626, 643 (Pa. Super. 2014) (in which we rejected ineffectiveness claims "where 'the colloquy conclusively establishe[d] that [a]ppellant agreed with trial counsel's decision not to present additional witnesses.'"); and *Commonwealth v. Lawson*, 762 A.2d 753, 756 (Pa. Super. 2000) (for the proposition that a "defendant who voluntarily waives his right to call witnesses during a colloquy cannot later claim ineffectiveness and purport that he was coerced by counsel."). PCRA Court Opinion, 6/21/17, at 6.

We agree with the PCRA court's recitation of the facts and legal analysis. Indeed the record confirms that Appellant never complained about a witness not being called by his counsel, despite being specifically asked about it. The PCRA court credited Appellant's answers at the hearing, but not his unsupported allegations raised in the instant PCRA petition. The PCRA court's credibility findings are to be accorded great deference  Indeed, where the

record supports the PCRA court's credibility determinations, such determinations are binding on a reviewing court. ***Commonwealth v. Abu–Jamal***, 720 A.2d 79, 99 (Pa. 1998).

In light of the foregoing, we conclude that the PCRA court's findings of fact are supported by the record, and its conclusions of law are free from legal error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/18