J-S61030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TARIQ D. JENKINS | : | |
| | : | |
| Appellant | : | No. 3438 EDA 2018 |

Appeal from the PCRA Order Entered October 24, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000679-2013

BEFORE:   BOWES, J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 13, 2019**

Appellant, Tariq D. Jenkins, appeals from the order entered on October 24, 2018, which denied his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

As the PCRA court explained:

> In the early morning hours of June 16, 2012, [Appellant] shot and killed Cornelius Riggs at 15th and Federal Streets in Philadelphia. Leonard Thompson was in the area that night looking for drugs. He testified that he saw [Appellant], wearing a light blue hoodie, and the victim[, Cornelius Riggs,] walking down the street together. Then, he saw [Appellant] pull out a gun, shoot Riggs four or five times, saw sparks come from the muzzle of the gun, and saw [Appellant] run away. Security camera footage from multiple stores documented [Appellant], wearing a light blue hoodie, and the victim going down the street together, the shooting, and then [Appellant] walking a short distance away in a white t-shirt.
> . . .

_____

[*] Former Justice specially assigned to the Superior Court.

Police Officer Chris Lai, who works in the area, identified [Appellant] as the man walking in the white t-shirt. Tanya Love, who hangs out in the area, testified that she was asked by [Appellant] to retrieve a light blue hoodie that he dropped in the area of 16th Street approximately three hours after the shooting occurred. Love testified that the sweatshirt she retrieved that night was the same sweatshirt [Appellant] was wearing on security footage. Love and Officer Lai both testified that [Appellant] disappeared from the area after the shooting. Another witness told investigators that Riggs pulled a gun on [Appellant] around noon the previous day and that friends made fun of [Appellant] for not getting back at him. That witness was uncooperative at trial.

On August 12, 2014, [Appellant] was found guilty by a jury . . . on the charges of first-degree murder, possessing a firearm without a license ("VUFA § 6106"), possessing a firearm in Philadelphia ("VUFA § 6108"), and possession of an instrument of crime ("PIC"). The same day, [Appellant] was sentenced to a mandatory sentence of life without the possibility of parole on the charge of first-degree murder and to [two-and-a-half to five years'] incarceration on the charge of VUFA § 6106 to run consecutive. No further penalty was imposed on the charges of VUFA § 6108 and PIC.

PCRA Court Opinion, 2/26/18, at 2.

On March 8, 2016, this Court affirmed Appellant's judgment of sentence and, on September 30, 2016, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Jenkins*, 144 A.3d 192 (Pa. Super. 2016) (unpublished memorandum) at 1-6, *appeal denied*, 158 A.3d 1225 (Pa. 2016).

On February 7, 2017, Appellant filed a timely, *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant and, on November 12, 2017, counsel filed an amended petition on Appellant's behalf. Within this petition, Appellant claimed that trial counsel was ineffective because "counsel

- 2 -

unreasonably prevented [Appellant] from testifying in his own case. If [Appellant] had testified he would have presented exculpatory evidence and, if believed, [Appellant] would have been acquitted." Amended PCRA Petition, 11/12/17, at 2.

On September 24, 2018, the PCRA court provided Appellant with notice that it intended to dismiss his PCRA petition in 20 days, without holding a hearing. *See* Pa.R.Crim.P. 907(1). The PCRA court finally dismissed Appellant's petition on October 24, 2018 and Appellant filed a timely notice of appeal. Appellant raises one claim on appeal:

> Did the [PCRA] court err in dismissing the [PCRA] petition, without a hearing, even though Appellant pled, and would have been able to prove that he was entitled to a new trial as he was victimized by ineffective assistance of trial counsel who insisted that [Appellant] not testify on his own behalf during trial, even though [Appellant] wished to so testify to present exculpatory evidence to the jury?

Appellant's Brief at 3 (some capitalization omitted).

"We review a ruling by the PCRA court to determine whether it is supported by the record and is free of legal error. Our standard of review of a PCRA court's legal conclusions is *de novo*." **Commonwealth v. Cousar**, 154 A.3d 287, 296 (Pa. 2017) (citations omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily

- 3 -

enumerated circumstances is the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

*Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). As this Court explained:

> A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. *See Commonwealth v. Jones*, 876 A.2d 380, 385 (Pa. 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim . . . , he or she will have failed to establish the arguable merit prong related to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.

> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

- 4 -

> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (some quotations and citations omitted). "[T]he appropriate standard for assessing whether a defendant was prejudiced by trial counsel's ineffectiveness regarding the waiver of his right to testify is whether the result of the waiver proceeding would have been different absent counsel's ineffectiveness, not whether the outcome of the trial itself would have been more favorable had the defendant taken the stand." *Commonwealth v. Walker*, 110 A.3d 1000, 1005 (Pa. Super. 2015) (emphasis omitted).

Further, a PCRA petitioner is not automatically entitled to an evidentiary hearing on his petition. A PCRA petition may be dismissed without a hearing if the PCRA court "is satisfied from [its review of the petition] that there are no genuine issues concerning any material fact and that the [petitioner] is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." Pa.R.Crim.P. 907(1). However, when the PCRA petition raises material issues of fact, the PCRA court "shall order a hearing." Pa.R.Crim.P. 908(A)(2). Thus, "[t]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a

hearing." ***Commonwealth v. Paddy***, 15 A.3d 431, 442 (Pa. 2011) (quotations and citations omitted).

To show that "counsel was ineffective for failing to advise [a defendant] of his [right to testify], the [petitioner] must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf." ***Commonwealth v. Smith***, 181 A.3d 1168, 1179 (Pa. Super. 2018) (citation omitted). However, "[a] defendant will not be afforded relief [on an ineffective assistance of counsel claim] where he voluntarily waives the right to take the stand during a colloquy with the court, but later claims that he was prompted by counsel to lie or give certain answers." ***Commonwealth v. Lawson***, 762 A.2d 753, 756 (Pa. Super. 2000).

During Appellant's trial, the following colloquy occurred:

> [Appellant's Counsel]: . . . My client and I have made the decision that a - - strategic decision based on how this trial went that we will not put my client on the stand and we are ready to proceed to closing argument.
>
> . . .
>
> [Trial Court]: [Appellant,] I have to ask you some questions. . . . I have to be sure your decision [not to testify] is knowingly and voluntarily made.
>
> How old are you?
>
> [Appellant]: [25].
>
> [Trial Court]: How far did you go in school?
>
> [Appellant]: High school, but I did a semester of college.

- 6 -

[Trial Court]: Okay. So you read, write and understand the English language?

[Appellant]: Yes.

[Trial Court]: Right now are you under the influence of any drugs or alcohol?

[Appellant]: No.

[Trial Court]: Have you ever been a patient in a mental institution or been treated for a mental illness?

[Appellant]: No.

[Trial Court]: You lawyer indicated that you do not wish to give testimony; is that correct?

[Appellant]: Yes.

[Trial Court]: Did you have an opportunity to discuss the pros and the cons, good things/bad things, the advantages/disadvantages of giving testimony in this case?

[Appellant]: Can you restate that?

[Trial Court]: Did you have an opportunity to discuss the pros and cons, good things/bad things, advantages and disadvantages of giving testimony in this case?

[Appellant]: Not all of the way.

[Trial Court]: Not all of the way? What do you mean?

[Appellant]: We didn't discuss that. We discussed it briefly.

[Appellant's Counsel]: Three minutes, Judge.

[Trial Court]: Okay. Well, at this time, the court will take a brief recess so that defense counsel can have a conversation with his client. Do you want to be put in the booth?

[Appellant's Counsel]: Yes, please.

[Trial Court]: Would you put him in the booth; brief recess.

(Brief recess)

[Trial Court]: Okay. [Appellant and Appellant's counsel] are back in the room. Sir, after having an opportunity to speak to your lawyer, I ask the question again.

Did you have an opportunity to discuss the pros and cons, good things/bad things, the advantages/disadvantages of giving testimony in this case?

[Appellant]: No. He told me what he wanted to do. He didn't listen to what I choose to do.

[Trial Court]: Do you want to be tried - -

[Appellant]: I don't want to give testimony. Refers to - -

[Trial Court]: Sir, - -

[Appellant]: I agree to waive the testimony, but - -

[Trial Court]: Sir, don't talk while I talk. . . . So the question that I asked before you left the room was, did you have an opportunity to discuss the pros and the cons – sometimes people don't know what pros and cons mean. This means good things and bad things. Sometimes it may be more clear; advantages and disadvantages of giving testimony. And you indicated that you did not have enough of a conversation about it, so you wanted to have more conversation. So we took a recess, put you in the booth, and allowed you to discuss whether you wish to give or not to give testimony in this case.

So now we are still at the same point. The question is still on the table. Do you want to give testimony or not?

[Appellant]: No.

[Trial Court]: The decision can't be your [lawyer's]. It has to be yours, which is why I even ask these questions. It has to be your own decision.

So you don't want to give testimony?

[Appellant]: No, I don't.

[Trial Court]: Did anyone threaten you or force you to make you come to that decision?

[Appellant]: No, ma'am.

[Trial Court]: Have you come to that decision of your own free[]will?

[Appellant]: Yes, ma'am.

[Trial Court]: I find [Appellant] has made a knowingly, intentional and voluntary decision to refrain from giving testimony in this case.

N.T. Trial, 8/8/14, at 9-14.

From the above, it is apparent that the trial court thoroughly colloquied Appellant on his decision not to testify on his own behalf and that Appellant clearly told the trial court that after speaking with his counsel, he did not want to testify on his own behalf; no one "threaten[ed him] or force[d him] to make . . . that decision;" and, he "[came] to that decision of [his] own free[]will." *See id.*

In his PCRA petition and on appeal, Appellant baldly and vaguely claims that his counsel "prevented" him from testifying on his own behalf. Amended PCRA Petition, 11/12/17, at 2; Appellant's Brief at 7-9. Appellant did not provide either the PCRA court or this Court with any explanation or elucidation as to how counsel interfered with his right to testify on his own behalf. As such, Appellant's claim immediately fails. *See Paddy*, 15 A.3d at 443

("boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective"); *Commonwealth v. Bazabe*, 590 A.2d 1298 (Pa. Super. 1991) (a bald allegation that counsel was ineffective for interfering with the defendant's right to testify at trial does not entitle the defendant to an evidentiary hearing on his petition because "mere boilerplate allegations will not suffice to require a hearing").

Appellant's claim also fails because his unexpounded-upon allegation merely amounts to a claim that he lied during his colloquy with the trial court – and, as we have held, "[a] defendant will not be afforded relief where he voluntarily waives the right to take the stand during a colloquy with the court, but later claims that he was prompted by counsel to lie or give certain answers." *Lawson*, 762 A.2d at 756.

Thus, Appellant's claim on appeal fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/13/19

- 10 -