J-S14002-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DECEE KARNGBAYE | : | |
| | : | |
| Appellant | : | No. 1432 MDA 2020 |

Appeal from the PCRA Order Entered October 16, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004753-2015

BEFORE: BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.: **FILED: JUNE 8, 2021**

Decee Karngbaye appeals from the order that dismissed without a hearing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

In 2016, following a jury trial at which Appellant opted not to testify, he was convicted of conspiracy, robbery, and theft by extortion, and was sentenced to seven and one-half to fifteen years of imprisonment. On direct appeal, this Court vacated his sentences at two counts based upon merger, but did not disturb his convictions or remand for resentencing, and our Supreme Court declined discretionary review. *See Commonwealth v. Karngbaye*, 201 A.3d 853 (Pa.Super. 2018) (unpublished memorandum) (judgment of sentence affirmed in part and vacated in part), *appeal denied*, 211 A.3d 1253 (Pa. 2019).

Appellant filed a timely *pro se* PCRA petition and counsel was appointed. The PCRA court summarized the subsequent history as follows:

Through his appointed PCRA counsel, [Appellant] filed the instant [PCRA petition] on March 5, 2020. On May 4, 2020, I issued an order denying [Appellant]'s petition without a hearing. I noted that the denial was contingent on lack of supporting case law, directed [Appellant] to file a brief supporting his petition, and conveyed that if case law was uncovered during the briefing period an evidentiary hearing may be scheduled. [Appellant] timely filed a supporting brief on June 29, 2020. The Commonwealth timely responded. Finding that [Appellant] failed to show that a material dispute of fact existed, I issued an order on October, 14, 2020, and an amended order on October 23, 2020, dismissing [Appellant]'s petition without a hearing. This timely appeal followed[, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925].

PCRA court opinion, 1/5/21, at 3 (citations and unnecessary capitalization omitted).

Appellant presents one question for our consideration: "Did the PCRA court err in denying [Appellant] PCRA relief without a hearing when a material issue of fact existed regarding trial counsel's advice to [Appellant] that he not testify?" Appellant's brief at 5.

We begin with the pertinent legal principles. "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." ***Commonwealth v. Cruz***, 223 A.3d 274, 277 (Pa.Super. 2019) (cleaned up). "[A] PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no

legitimate purpose would be served by further proceedings." *Commonwealth v. Cruz*, 223 A.3d 274, 277 (Pa.Super. 2019) (internal quotation marks omitted). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (internal quotation marks omitted).

Appellant's claims challenge the performance of his trial counsel. Appellant bears the burden of overcoming the presumption of counsel's effectiveness. *Commonwealth v. Becker*, 192 A.3d 106, 112 (Pa.Super. 2018). To do so, Appellant must plead and prove: "(1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome at trial if not for counsel's error." *Commonwealth v. Selenski*, 228 A.3d 8, 15 (Pa.Super. 2020) (internal quotation marks omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Id*. at 15 (cleaned up).

Appellant maintains that the PCRA court erred in denying his claim that counsel provided him unreasonable advice regarding whether he should testify without holding an evidentiary hearing. Our review of this claim is guided by the following principles. "[T]he decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation

with counsel." ***Commonwealth v. Sandusky***, 203 A.3d 1033, 1075 (Pa.Super. 2019) (internal quotation marks omitted). We have observed that, "where a defendant voluntarily waives his right to testify after a colloquy, he generally cannot argue that trial counsel was ineffective in failing to call him to the stand." ***Commonwealth v. Rigg***, 84 A.3d 1080, 1086 (Pa.Super. 2014). Even if the defendant claims that counsel instructed him to lie or give certain answers during the waiver colloquy, he "will not be afforded relief where he voluntarily waives the right to take the stand during a colloquy with the court[.]" ***Commonwealth v. Lawson***, 762 A.2d 753, 756 (Pa.Super. 2000).

However, a defendant may sustain a claim that counsel was ineffective regarding waiver of the right to testify if he is able to "demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf." ***Sandusky***, ***supra*** at 1075 (internal quotation marks omitted). "[W]here the defendant establishes that his decision not to testify was based solely upon counsel's advice, "the pertinent inquiry is whether counsel's advice was reasonable so as to render Appellant's decision not to testify knowing and voluntary." ***Commonwealth v. Nieves***, 746 A.2d 1102, 1105 n.5 (Pa. 2000). Further, "the appropriate standard for assessing whether a defendant was prejudiced by trial counsel's ineffectiveness regarding the waiver of his right to testify is whether the result of the waiver

proceeding would have been different absent counsel's ineffectiveness, not whether the outcome of the trial itself would have been more favorable had the defendant taken the stand." ***Commonwealth v. Walker***, 110 A.3d 1000, 1005 (Pa.Super. 2015).[1]

For example, in ***Nieves***, the defendant opted not to testify based upon counsel's advice that if he did, his prior convictions for drug and firearm violations would be admissible. Our Supreme Court determined that the advice "was clearly unreasonable as it is well-established that evidence of prior convictions can only be introduced for the purpose of impeaching the credibility of a witness if the conviction was for an offense involving dishonesty or false statement." ***Nieves***, ***supra*** at 1105. The Court vacated the sentence and remanded for a new trial because "trial counsel's advice was so unreasonable as to vitiate Appellant's knowing and intelligent decision not to testify." ***Id***. at 1106.

Turning to the case *sub judice*, the PCRA court determined from the record that Appellant (1) voluntarily waived his right to testify during the on-the-record-colloquy and (2) failed to identify any interference or unreasonable advice from counsel that caused him to decide not to testify. **See** PCRA Court

---

[1] ***But see Commonwealth v. Towles***, 208 A.3d 988, 1003 (Pa. 2019) (acknowledging the standard established by ***Commonwealth v. Walker***, 110 A.3d 1000, 1005 (Pa.Super. 2015), but examining instead whether the outcome of the trial would likely to be different, as the parties did not present sufficient advocacy on the issue).

Opinion, 1/5/21, at 7. Accordingly, the PCRA court rejected Appellant's claim without conducting a hearing.

Appellant contends that the PCRA court erred in so doing because there were disputes as to material facts that required a hearing for their resolution. Specifically, Appellant argues that he wanted to testify, but counsel, lacking a strategic basis, did not in advance of trial prepare him to offer his version of events to the jury, and thus Appellant felt forced to decline to exercise his right testify in his own defense. *See* Appellant's brief at 13-14. Appellant asserts that, had he testified to contradict the victim, it "would have substantially increased the probability of a not guilty verdict by the jury in this matter." *Id*. at 14.

We disagree. While Appellant contends that his claim is analogous to that in **Nieves** in that he also had no *crimen falsi* convictions with which to be impeached, he never claimed that counsel advised that he would be subject to such impeachment if he had testified. Indeed, Appellant did not allege in his petition what advice, if any, counsel gave concerning his decision whether to testify, or that he ever communicated to counsel that he wished to take the stand to offer his version of events. Moreover, he does not argue that, absent counsel's interference or erroneous advice, the result of the pertinent proceeding, *i.e.*, the plea colloquy, would have been different. Rather, Appellant argues that the outcome of the trial would have been different had he testified to contradict the victim's testimony.

Hence, Appellant neither pled facts concerning the advice counsel gave him sufficient to warrant a hearing on the issue of whether counsel's advice rendered Appellant's decision not to testify involuntary, nor argued the appropriate prejudice standard for that inquiry. Without any allegations that counsel's bad advice vitiated the voluntariness of his decision not to testify, *Nieves* and its progeny are simply inapplicable.

In actuality, Appellant's claim is that, notwithstanding his on-the-record representation to the court that he wished to waive his right to testify, he really did not want to waive his right. Yet, the certified record reveals that, on the penultimate day of trial, Appellant stated that he understood his absolute right to testify, that he had a full opportunity to discuss the issue with counsel, that it was his desire not to testify, and that he could ask further questions or change his mind before trial concluded the next day. *See* N.T. Trial, 8/4/16, at 303-04.

In attempting to negate the voluntariness of this waiver, Appellant asserted in his amended PCRA petition that counsel's pre-trial neglect to advise him before trial of his right to testify, and failure prepare him to testify at any point, forced him to waive the right and prejudiced his defense. *See* Amended PCRA Petition, 3/5/20, at 2; Brief in Support of Amended PCRA Petition, 6/29/20, at 3 ("Because [Appellant] was not prepared by his attorney to testify in advance of trial, he was forced to decline his right to testify at trial."). Appellant offers no authority to support his contention that lack of

preparation can render his decision not to testify involuntary. On the other hand, our Supreme Court has held that, where the trial court advises a defendant of his right to testify, counsel could not be deemed ineffective for having failed to inform the defendant of the right. ***See Commonwealth v. Whitney***, 708 A.2d 471, 476 (Pa. 1998). If failing altogether to advise a client of his absolute right to testify in his own defense is insufficient to warrant relief where, as here, the trial court ultimately assured that the defendant understood his rights, we cannot conclude that defense counsel must both inform his client of the right and prepare him to give such testimony before an on-the-record waiver of the right is deemed voluntary.

Accordingly, Appellant has failed to convince us that the PCRA court erred and relief is due. Therefore, we affirm the order dismissing his PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/08/2021

- 8 -