J-S43025-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
               :             PENNSYLVANIA
                    :
        v.             :
                    :
                    :
RYAN O'CONNELL         :
                    :
      Appellant     :   No. 42 WDA 2018

Appeal from the PCRA Order December 12, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005216-2009

BEFORE: STABILE, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:              FILED MAY 13, 2019

Appellant, Ryan O'Connell, appeals from the December 12, 2017 Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The facts and procedural history are, briefly, as follows. On February 19, 2009, the Commonwealth charged Appellant with three counts each of Criminal Attempt (Homicide) and Aggravated Assault,[1] arising from the beating of Ryan Hatfield, Angela Sapienza, and Kelly McGinnis at a party, which took place on the night of February 17, 2009.

The following morning, Appellant, accompanied by Charles P. Hoebler, Esquire, voluntarily presented himself to police. Appellant produced the blood-soaked clothing he was wearing on the night of the incident. Appellant, in the presence of Attorney Hoebler, also made a statement to police

_____

[1] 18 Pa.C.S. §§ 901(a) and 2702(a)(1), respectively.

explaining the circumstances of the party and stating that he did not recollect being involved in the crimes.

On March 23, 2009, Appellant, still represented by Attorney Hoebler, attended a preliminary hearing after which the court held all charges for trial.

On June 15, 2011, Appellant, now represented by Paul R. Gettleman, Esquire, filed a Motion to Suppress the evidence obtained from the clothing he turned over to police and the statement he made to police, allegedly at the advice of Attorney Hoebler. Following a hearing at which Appellant testified, the suppression court denied the Motion on June 24, 2011.

Appellant's trial commenced on June 27, 2011. Relevant to the instant appeal, Appellant moved to bar the Commonwealth from impeaching him with his suppression testimony, if he chose to testify. On June 29, 2011, the trial court denied Appellant's Motion in Limine.

On June 30, 2011, a jury convicted Appellant of three counts of Aggravated Assault. On September 20, 2011, the trial court sentenced Appellant to serve three consecutive terms of 84 to 168 months' incarceration.

This Court affirmed Appellant's Judgment of Sentence on August 22, 2013 and the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal on April 4, 2014. Commonwealth v. O'Connell, 83 A.3d 1070 (Pa. Super. 2013) (unpublished memorandum), appeal denied, 89 A.3d 661 (Pa. 2014).

On April 2, 2015, Appellant filed the instant, counseled PCRA Petition,[2] raising both substantive issues and requesting discovery. The PCRA court denied Appellant's discovery request, and directed Appellant to file an Amended PCRA Petition, which he did on April 29, 2016. In his Amended Petition, Appellant raised claims challenging the effectiveness of Attorney Hoebler for advising him to speak with police prior to his arrest. Appellant also challenged the effectiveness of Attorney Gettleman's assistance, alleging that Attorney Gettleman was ineffective when he: (1) failed to contact Attorney Hoebler to obtain Appellant's file and notes from him; (2) failed to present evidence of Appellant's non-violent character; (3) advised Appellant not to testify at trial due to a concern of being impeached with his testimony at the suppression hearing; and (4) failed to investigate and present mitigating evidence at the time of Appellant's sentencing.

The PCRA court held a two-day hearing on Appellant's Amended Petition. On December 12, 2017, the PCRA court dismissed Appellant's Petition.

This timely appeal followed. Appellant complied with Pa.R.A.P. 1925 and the PCRA court adopted its December 12, 2017 Findings of Fact and Order of Court in lieu of a Pa.R.A.P. 1925(a) Opinion.

Appellant raises the following issues on appeal:

––––––––––––––––––––––––––––––––

[2] Douglas Sughrue, Esquire, represented Appellant before the PCRA court and submitted Appellant's Brief to this court. George A. Mizak, Esquire, submitted a Reply Brief on Appellant's behalf.

- 3 -

1. Whether Attorney Hoebler was ineffective for advising [Appellant] to speak to police?

2. Whether Attorney Gettleman was ineffective for interfering with [Appellant's] right to testify by telling him he was not going to testify because [Appellant] could be impeached with [Appellant's] testimony at the suppression hearing?

3. Whether Attorney Gettleman was ineffective for failing to present evidence of [Appellant's] character for non-violence?

Appellant's Brief at 2.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. Commonwealth v. Fears, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if the record supports them. Commonwealth v. Boyd, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. Commonwealth v. Ford, 44 A.3d 1190, 1194 (Pa. Super. 2012).

To be eligible for relief pursuant to the PCRA, Appellant must establish, inter alia, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2): a constitutional violation; ineffective assistance of counsel; an unlawfully induced plea; improper obstruction by governmental officials; a case where exculpatory evidence has been discovered; an illegal sentence has been imposed; or the tribunal conducting the proceeding lacked jurisdiction. See 42 Pa.C.S. § 9543(a)(2)(i)-(viii). Appellant must also establish that the issues

- 4 -

raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3).

In each of his issues, Appellant claims his trial counsel was ineffective. The law presumes counsel has rendered effective assistance. Commonwealth v. Rivera, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [A]ppellant." Id. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." Commonwealth v. Fulton, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. Commonwealth v. Jones, 811 A.2d 994, 1002 (Pa. 2002).

In his first issue, Appellant claims that Attorney Hoebler was ineffective when he advised Appellant, who was "sleep-deprived, high, and shocked," to immediately give a statement to police the morning after the incident. Appellant's Brief at 10, 12. He alleges that Attorney Hoebler did not investigate whether making a statement to police was in Appellant's best interest before advising him to do so, and faults Attorney Hoebler for encouraging Appellant to provide the police with the evidence that the Commonwealth used against him. Id. at 12-13. He claims that, in the

absence of this evidence, the jury could have reached a different verdict. Id. at 13. Although Appellant concedes that the right to effective counsel does not attach to a defendant until the police place him under arrest, he argues that "that does not provide a sufficient remedy" in this case. Id. at 13-14.

The right of a criminal defendant to effective assistance of counsel arises from his right to counsel found in the guarantees of the Sixth Amendment of the United States Constitution. See U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defense."). That right first attaches at the time of a defendant's "appearance before a judicial officer, where he learns the charge against him [and] his liberty is subject to restriction." Commonwealth v. Colavita, 993 A.2d 874, 890 (Pa. 2010). See also Commonwealth v. Arroyo, 723 A.2d 162, 167 (Pa. 1999) ("[T]he Sixth Amendment right to counsel . . . does not attach until the suspect has been charged with the offense in question.").

At the time he made his initial statement to police, Appellant's constitutionally protected right to counsel had not yet attached. Accordingly, Appellant's claim that Attorney Hoebler was ineffective for encouraging him to speak to police promptly after the incident garners no relief.[3]

_____

[3] In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court explained that the Sixth Amendment right to counsel "is the right to effective counsel." Id. at 686 (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). Thus, the right to effective assistance of counsel arises when the Sixth Amendment right to counsel attaches. Arroyo explains

In his second issue, Appellant claims that Attorney Gettleman was ineffective for advising him not to testify out of concern that the Commonwealth would impeach him with testimony from the suppression hearing. Appellant's Brief at 15. According to Appellant, despite "longstanding precedent which foreshadowed" the trial court's denial of Appellant's Motion in Limine, Attorney Gettleman neglected to advise Appellant in a timely manner that it was likely the court would admit his suppression testimony. Id. at 18. Appellant alleges that he had always intended to testify at trial and, by the time the court ruled on the Motion, "only a short period of time remained for meaningful discussion" about counsel's trial strategy vis-à-vis Appellant's right to testify. Id. He posits that counsel's advice that he not testify was so unreasonable as to vitiate his knowing and intelligent waiver of his right. Id. at 19.

_____

that the Sixth Amendment right to counsel is coterminous with the right to counsel under Article I, Section 9 of the Pennsylvania Constitution, and that, under the federal and state constitutions, the right attaches when the Commonwealth charges a defendant with a crime. In Colavita, our Supreme Court held that application of the right to counsel prior to arrest would depend upon a substantive due process analysis, and the Court reserved ruling on the issue until it was "properly presented and preserved." Colavita, 993 A.2d at 894. Instantly, Appellant acknowledges that the right to counsel does not attach prior to arrest. See Appellant's Brief at 13-14. Appellant argues, however, that the Constitution should provide a remedy for ineffectiveness of counsel when counsel represents a defendant before the police arrest the defendant. Appellant's Brief at 14. Unfortunately, because Appellant makes this argument in a single sentence and without any legal analysis, he has, thus, not "properly presented and preserved" this issue. We must, therefore, decline to address this significant issue of first impression.

A criminal defendant is estopped from asserting an ineffectiveness claim for failure to testify where he makes a knowing, voluntary, and intelligent waiver of his right to do so. Commonwealth v. Lawson, 762 A.2d 753, 755 (Pa. Super. 2000). However, counsel may be ineffective where a defendant can demonstrate that counsel interfered with the defendant's right to testify or "gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify." Commonwealth v. Nieves, 746 A.2d 1102, 1104 (Pa. 2000).

The PCRA court explained that, when it sat as the trial court, it had conducted a full colloquy with Appellant and found that Appellant voluntarily, knowingly, and intelligently waived his right to testify. PCRA Ct. Order, 12/12/17, at 6 (unpaginated). Thus, the court concluded that no one had interfered with Appellant's right to testify. Id.

In addition, the PCRA court found that Attorney Gettleman's advice was reasonable and did not vitiate Appellant's knowing and intelligent decision not to testify. Id. In particular, the PCRA court noted that Attorney Gettleman's advice to Appellant was legally correct—the trial court had permitted the admission of Appellant's suppression testimony for purposes of impeachment. The PCRA court concluded, therefore, that Attorney Gettleman had a reasonable strategic basis to advise Appellant not to testify. The record in this matter supports the PCRA court's conclusion. This claim, thus, fails.

Last, Appellant avers that Attorney Gettleman was ineffective for failing to introduce evidence of Appellant's character for non-violence. Appellant's

Brief at 20. In particular, Appellant emphasizes that his father, Larry O'Connell, testified that he spoke to Appellant's friends about their knowledge of Appellant's reputation for non-violence. Id. at 21. Appellant did not specify which of his friends his father spoke to and whether those friends would have been willing to testify at Appellant's trial about his peaceful character.

"The failure to call character witnesses does not constitute per se ineffectiveness." Commonwealth v. Treiber, 121 A.3d 435, 463 (Pa. 2015). In order to establish a successful ineffectiveness claim for failing to call witnesses, a defendant must demonstrate that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. Id. at 463-64.

Attorney Gettleman testified at the PCRA hearing that he did not present evidence of Appellant's character for non-violence because he was concerned about the possibility of the Commonwealth offering rebuttal testimony concerning Appellant's reputation for violence, including bar fights and street fights. N.T. PCRA Hearing, at 7-8, 43-45. In fact, the Commonwealth did offer such rebuttal testimony at Appellant's PCRA hearing, establishing that Attorney Gettleman had a reasonable basis for choosing not to offer testimony of Appellant's reputation for non-violence.

The record supports the PCRA court's conclusion that Attorney Gettleman had a reasonable and strategic basis for not calling Appellant's

character witnesses to testify. Moreover, the court also properly concluded that Appellant failed to prove that the absence of his character witness's testimony was so prejudicial as to deny him his right to a fair trial. Thus, this claim fails.

Having determined that the record supports the PCRA court's findings and its Order is free of legal error, we affirm the Order dismissing Appellant's PCRA Petition.

Order affirmed.

Judge Stabile joins the memorandum.

Judge Nichols concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/2019