J-S44015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT SIDNEY LEE | : | |
| | : | |
| Appellant | : | No. 648 MDA 2021 |

Appeal from the PCRA Order Entered April 29, 2021
In the Court of Common Pleas of Union County
Criminal Division at No(s): CP-60-CR-0000269-2016

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED: MAY 4, 2023**

Robert Sidney Lee appeals from the dismissal of his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. On appeal, Lee raises a general claim of ineffective assistance of counsel for our review. After reviewing the record and finding no merit in Lee's claims, we affirm. Following the submission of his brief, Lee filed an Application for Remand for our review. We find that remand is not necessary, as we are able to address Lee's additional issues.

Lee's conviction for third-degree murder and tampering with evidence arose from an altercation in which he stabbed the victim and then threw the knife in a nearby river. Lee filed a post-sentence motion, which, relevant to

_____

[*] Retired Senior Judge assigned to the Superior Court.

this appeal, included a claim that counsel was ineffective for failing to conduct an adequate *voir dire*. The trial court chose to address the issue, even though it was prematurely raised. **See** Trial Court Opinion 12/28/2017 at 2. Lee timely appealed his sentence. This Court affirmed the judgment of sentence and vacated the trial court's ruling on premature ineffectiveness claims. **See Commonwealth v. Lee**, 209 A.3d 1072, 89 MDA 2018 (Pa. Super. filed Feb. 19, 2019) (unpublished memorandum).

Within two months of this Court's decision, Lee filed this *pro se* PCRA petition. Counsel was appointed and, after multiple amendments, a two-day hearing was held. The PCRA court dismissed the petition. Lee timely appealed, filing a counseled Pa.R.A.P. 1925(b) statement that simply stated, "The Court erred in holding that Defendant received constitutionally effective assistance of counsel at trial." Prior to filing an appellate brief, PCRA counsel filed an Application to Withdraw, claiming a breakdown of communication with Lee and requesting new counsel be appointed. **See** Application to Withdraw as Counsel, 7/30/2021. This Court remanded the issue to the trial court for a **Grazier**[1] hearing.

The PCRA court appointed new counsel. **See** PCRA Court Order, 8/31/2021. New counsel failed to file a brief and, after a remand in which the

---

[1] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998) (requiring on-the-record inquiry to determine whether criminal defendant's waiver of counsel is knowing, intelligent, and voluntary).

PCRA court determined that counsel had not abandoned Lee, a new briefing scheduled was instated. New counsel again failed to file a brief and this Court remanded again for her to be removed and for new counsel to be appointed. *See* Superior Court Order, 2/24/2022.

Current counsel was appointed by the PCRA court and, after three extensions of time, he filed Appellant's Brief. Over one month later, counsel filed an Application for Remand. Therein, Lee requests that we remand to the PCRA court for him to amend the Pa.R.A.P. 1925(b) statement to include a claim that PCRA counsel was ineffective for failing to include issues regarding prosecutorial misconduct in the original Rule 1925(b) statement. Alternatively, Lee requests an evidentiary hearing to develop this issue.

We will address the Application for Remand first. In the Application for Remand, Lee explains that he requested his PCRA counsel to include specific issues of prosecutorial misconduct for our review in his Rule 1925(b) statement, but counsel failed to do so. Specifically, he claims the prosecutor:

> [a]) Withheld locations of witnesses to prevent Defendant's private investigator from interviewing them;
> b) Induced perjury [] from Ms. Jacobs and Trooper Laforme;
> c) Affirmed on record that Defendant had full discovery and later provided additional discovery on the eve of trial;
> d) Manipulated video footage during its presentation to the jury; [and]
> e) Introduced evidence of a letter written by Mr. Lee obtained through a warrantless search of a state agent.

Application for Remand at 3-4.

Lee contends that these issues were not preserved by PCRA counsel's Rule 1925(b) statement, as it did not specifically include them. Arguably, the Rule 1925(b) statement's assertion that "[t]he Court erred in holding that Defendant received constitutionally effective assistance of counsel at trial" includes every possible claim of ineffective assistance of counsel. However, it is because of that breadth that, under our Rules, it arguably preserves no claims. **See** Pa.R.A.P. 1925(b)(4)(ii) ("The Statement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge."); **see also Commonwealth v. Smith**, 955 A.2d 391, 393 (Pa. Super. 2008). Therefore, the Rule 1925(b) Statement here could be waived as insufficient for review.[2]

Because appellants may now raise ineffective assistance of PCRA counsel for the first time on appeal, we conclude that Lee has properly raised these issues through his Application for Remand. **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021) ("[A] PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal."). Further, we conclude this is an instance where "the record

---

[2] Lee's current counsel has not made this specific claim of ineffectiveness of PCRA counsel on appeal. Instead, Lee's claim in his Application for Remand is merely that the 1925(b) statement does not preserve claims of prosecutorial misconduct. Regardless, we always may address whether an appellant's 1925(b) statement has properly preserved an issue raised on appeal.

before [us is] sufficient to allow for disposition of [Lee's] newly-raised ineffectiveness claims." *Id.* at 402 (citations and internal quotation marks omitted). Under the specific circumstances of this case, we conclude that PCRA counsel was ineffective in filing a vague Rule 1925(b) Statement that effectively waived all of Lee's issues on appeal.

We note as well that the issues presented in Lee's Application for Remand were also raised in his PCRA petition. As set forth below, we have no difficulty addressing these issues on appeal, and therefore need not remand to give the PCRA court or the Commonwealth an opportunity to respond. We conclude the appropriate remedy is to decline to find these issues waived and to review them on appeal.

When we review a PCRA court's decision, we defer to that court's findings of fact and credibility determinations as supported by the record, but we review any legal conclusions *de novo*. *See Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015). Further, we are limited to reviewing the findings of the PCRA court and the evidence on the record in the light most favorable to the prevailing party. *See id*.

Counsel is presumed effective and the petitioner claiming ineffectiveness must prove otherwise. *See Commonwealth v. Koehler*, 36 A.3d 121, 178 (Pa. 2012). To succeed on a claim of ineffective assistance of counsel, a petitioner must plead and prove three things: "(1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective

reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." *Commonwealth v. Stultz*, 114 A.3d 865, 880 (Pa. Super. 2015) (citation omitted). If the petitioner fails to meet any one of these prongs, their claim fails. *See id*.

In his brief, Lee lists myriad claims under the umbrella of ineffective assistance of counsel.[3] The first issue raised is that counsel was ineffective for failing to fully consult with Lee on his decision not to testify at trial. Lee argues that trial counsel did not spend enough time advising him on his right to testify and that by changing his advice during trial and not requiring a colloquy on the decision, Lee suffered prejudice. *See* Appellant's Brief at 35-39. Lee claims that counsel prevented him from making a knowing, intelligent and voluntary waiver of his rights. *See id*. at 39.

In order to prove counsel was ineffective for failing to have Lee testify, Lee must prove either that counsel interfered with his right to testify or that he gave specific advice which was so unreasonable that it undermined his intelligent decision to testify. *See Commonwealth v. Lawson*, 762 A.2d 753, 755 (Pa. Super. 2000). However, the trial court is not required to colloquy every defendant on their decision not to testify. *See Commonwealth v. Washington*, 269 A.3d 1255, 1264 (Pa. Super. 2022). In fact, the trial court

---

[3] The format of the Argument section of Lee's brief violates Pa.R.A.P. 2119(a) by commingling multiple distinct arguments under a single heading. However, because this violation does not impede our ability to address Lee's claims, we decline to find his arguments waived on this basis.

is empowered to find a knowing, intelligent and voluntary waiver based on counsel's testimony regarding conversations with their client on the topic. *See id.*

Here, the record reveals that on the third day of trial, the Commonwealth rested and defense counsel made a motion for judgment of acquittal. After the motion was denied, counsel represented that he intended to offer no witnesses in support of his defense. *See* N.T. 6/21/2017 at 382. A discussion ensued regarding Lee's choice not to testify:

> [District Attorney:] Are we going to colloquy Mr. Lee about his choice?
>
> THE COURT: Not if he chooses not to testify. I mean I colloquy them if they don't. I don't want it perceived as I'm trying to talk him into testifying.
>
> [District Attorney:] No. But I just am worried that, you know, he's not going to know about the presumptions and all this other stuff that –
>
> [Counsel:] Your Honor, my client – if the Court will take note, if you look over at counsel table, you will see a pile of material that Mr. Lee has before him. And on top, you will see a criminal law handbook. He is versed in the law. In addition, he heard the Court's instructions initially which indicated that maybe he'll testify and maybe he won't.
>
> I think we have seen from Mr. Lee in the past, if he thinks an injustice is being perpetrated upon him, he will vocalize it. And I am comfortable in going forward into closing.
>
> Obviously, I've had a great deal of discussion with my client about this. I spoke with him this morning, made it clear to him it was his choice. I told him I did not advise him at this point, and he told me his decision was not to take the stand.

*Id*. at 382-83.

In addition, trial counsel testified at the PCRA hearing regarding his advice to Lee. Counsel recalled the conversations he had with Lee leading up to and during trial regarding his right to testify. Counsel testified that originally, his advice to Lee was in favor of testifying, as he was pursuing a theory of self-defense. **See** N.T. 1/21/2017 at 75-77. However, after Lee gave a news interview regarding the incident and the reporter testified at trial, counsel changed his advice as Lee's self-defense theory was already in front of the jury. **See id**.

The PCRA court, in its opinion in support of the order dismissing the PCRA, specifically found counsel's testimony in this matter credible. **See** Trial Court Opinion, 4/27/2021 at 5. We find no reason to disturb this credibility determination. Further, we agree with the PCRA court's conclusion that trial counsel's advice represents a reasonable attempt to apply the law to Lee's circumstances. As such, Lee did not meet his burden in establishing that trial counsel's advice was so unreasonable as to make Lee's decision not to testify unintelligent. Accordingly, this issue merits no relief.

Lee next argues that counsel was ineffective for failing to pursue a change of venue due to the potential tainting of the jury pool by a news article published before jury selection. **See** Appellant's Brief at 40. In general, to warrant a change in venue due to publicity, the publicity must be shown to have cause actual prejudice that prevents the empaneling of an impartial jury. **See Commonwealth v. Briggs,** 12 A.3d 291, 313 (Pa. 2011); **see also**

***Commonwealth v. Tanner***, 205 A.3d 388, 393 (Pa. Super. 2019) (explaining that publicity must be "inflammatory and slanted toward conviction."). Proving actual prejudice is a high burden. It requires the appellant to establish that potential jurors were so tainted by the publicity that they could not lay aside their prior opinions and render a verdict solely based on the evidence presented in court. ***See Briggs***, 12 A.3d at 314. In the alternative, prejudice can be presumed when the publicity "was so extensive, sustained, and pervasive that the community must be deemed to have been saturated with it, and that there was insufficient time between the publicity and the trial for any prejudice to have dissipated." ***Id***. (citation and quotation marks omitted).

We conclude Lee has not established actual prejudice, because he points to no evidence from voir dire that could establish the jurors were incapable of deciding the case solely on the evidence presented at trial. Further, Lee is not entitled to a presumption of prejudice, because he caused the publicity about which he complains. "[A] defendant should not be allowed to manipulate the criminal justice system by generating publicity and then using that same publicity to support his claim that the media attention surrounding his case created a presumption of prejudice." ***U.S. v. Bakker***, 925 F.2d 728, 733 (4th Cir. 1991).[4]

_____

[4] While the decision of the Fourth Circuit in ***Bakker*** is not binding precedent, we may consider it for its persuasive value. ***See Crum v. Bridgestone/Firestone North American Tire, LLC***, 907 A.2d 578, 586 (Pa. Super. 2006). Here, we find the quoted passage highly persuasive.

Here, Lee participated in an interview with a reporter regarding the case without approval from counsel. *See* N.T. 1/21/2021 at 31. Counsel testified that he did not move for a change of venue at that time because the publicity that would be the basis for such a change was brought on by Lee's actions alone. *See id*. at 32. As such, Lee created the pre-trial publicity he now complains about. Since "trial counsel can never be found ineffective for failing to raise a meritless claim[,]" Lee's second argument merits no relief. ***Commonwealth v. Fetter***, 770 A.2d 762, 770 (Pa. Super. 2001) (citation omitted).

Next, Lee argues that counsel did not effectively conduct *voir dire* based on his failure to bring a ***Batson***[5] challenge. *See* Appellant's Brief at 41. Lee partially raised this issue in his direct appeal, and we found it premature, vacating the trial court's ruling on the issue. ***See Lee***, 89 MDA 2017 (unpublished memorandum).

When an ineffectiveness claim is presented for failure to raise a ***Batson*** challenge during *voir dire*, the PCRA petitioner may not rely on *prima facie* showing that the prosecutor has used peremptory strikes in a racial pattern and instead must prove, "actual, purposeful discrimination by a preponderance of the evidence". ***Commonwealth v. Smith***, 17 A.3d 873,

---

[5] ***Batson v. Kentucky,*** 476 U.S. 79 (U.S. 1986) (allowing criminal defendants to raise claims that peremptory challenges were used by the prosecution for purposeful discrimination in selecting jurors at the defendant's trial).

892 (Pa. 2011) (citation omitted). To meet this burden, Lee was required to "make an adequate record specifically identifying the race of all the venirepersons who had been removed by the prosecution, the race of the jurors who served, or the race of jurors acceptable to the Commonwealth who had been stricken by the defense" to allow for adequate review. **Commonwealth v. Simpson**, 66 A.3d 253, 262 (Pa. 2013). We further acknowledge that "it is exponentially more difficult in the PCRA context to perform a reasoned assessment concerning the presence or absence of purposeful discrimination." **Id**. (citation and brackets omitted).

Lee conflates this issue with general complaints regarding counsel's questioning during *voir dire* that he believes failed to determine any social prejudices the jurors might have. **See** Appellant's Brief at 40-41. Lee highlights that the 200-person panel included one Black person and one Hispanic person. **See id**. However, he makes no claims that the makeup of the jury pool was discriminatory.

Lee instead claims counsel should have raised a **Batson** challenge when the prosecutor struck one non-white juror. **See id**. However, addressing the arguable merit of the claim, we find it has none because Lee did not demonstrate the purposeful discrimination by a preponderance of the evidence. **See Commonwealth v. Reid**, 99 A.3d 427, 459 (Pa. 2014). Lee simply states that the prosecutor struck one non-white person. **See** Appellant's Brief at 41. A statistical recounting of peremptory strikes alone is

not enough to prove purposeful discrimination. *See Commonwealth v. Edwards*, 177 A.3d 963, 975 (Pa. Super. 2018) *see also Commonwealth v. Johnson,* 139 A.3d 1257, 1282 (Pa. 2016) (sole argument that prosecutor struck more African-American jurors than non-African-American jurors insufficient to show purposeful discrimination). Accordingly, Lee's third claim on appeal merits no relief.

Lee next argues that counsel was ineffective for failing to object to late discovery and failing to file a motion to exclude the evidence. *See* Appellant's Brief at 39. Lee fails to indicate the nature of this discovery and we are unable to discern from the record what evidence he is discussing. Without Lee specifying the evidence at issue, we are unable to evaluate counsel's ineffectiveness for failing to have it excluded. Further, Lee cites to no authority in support of his contention. *See* Pa.R.A.P. 2119(a). As Lee has failed to meaningfully develop this claim, we find it waived. *See Commonwealth v. Natividad,* 938 A.2d 310, 333 (Pa. 2007).

In his fifth issue, Lee claims counsel was ineffective for failing to object to the Commonwealth's manipulation of video evidence. Lee takes issue with the way the prosecutor played, paused, and fast-forwarded the video footage of the victim from the night of the incident and the incident itself. *See* Appellant's Brief at 42. Lee claims it was impossible for the jury to have had time to review the footage during deliberations due to their brevity. *See* N.T. 1/21/2021 at 171-73. Lee also claims that parts of the video where the victim

- 12 -

was holding something heavy in his pocket, speaking with another witness and appearing intoxicated were fast-forwarded over. *See id*. at 171-72.

Again, Lee fails to meaningfully develop this claim for review. *See* Pa.R.A.P. 2119(a); *Natividad*, 938 A.2d at 333. Moreover, contrary to Lee's claims, trial counsel did, in fact, object to the fast-forwarding of the video footage. *See* N.T., 1/21/2021 at 160. The video was played multiple times throughout trial during the testimony of various witnesses. See N.T. 6/19/2017 at 58-9, 65-6, 90-5, 147-61, N.T. 6/20/2017 at 211, 269-70. Trial counsel argued that the video showed the victim was intoxicated during closing arguments. *See* N.T. 6/21/2017 at 395. Lee fails to show how he was prejudiced by the fast-forwarding beyond mere speculation that it affected the jury's perception of the video.

Next, Lee argues that counsel was ineffective for failing to exclude the testimony of an apparently intoxicated Qaisha Jacobs or request a drug test. *See* Appellant's Brief at 42. Lee includes only one sentence referencing this issue in his brief, again failing to develop the claim enough to avoid waiver. *See* Pa.R.A.P. 2119(a); *Natividad*, 938 A.2d at 333.

In the final issue raised in his brief, Lee argues ineffectiveness for failure to secure expert testimony regarding Lee's mental state. Lee makes a blanket claim that he suffers from post-traumatic stress disorder and an evaluation could have addressed his actions and mental state. *See* Appellant's Brief at 42. Again, with this perfunctory assertion, Lee does not develop any of the

prongs of ineffectiveness, and we cannot adequately address the issue. Therefore, we find it waived. **See** Pa.R.A.P. 2119(a).

We now turn to the claims of PCRA court error which counsel presents in the Application for Remand. Lee claims the prosecutor intentionally:

[a]) Withheld locations of witnesses to prevent Defendant's private investigator from interviewing them;
b) Induced perjury [] from Ms. Jacobs and Trooper Laforme;
c) Affirmed on record that Defendant had full discovery and later provided additional discovery on the eve of trial;
d) Manipulated video footage during its presentation to the jury;
e) Introduced evidence of a letter written by Mr. Lee obtained through a warrantless search of a state agent.

Application for Remand at 3-4.

"Prosecutorial misconduct includes actions intentionally designed to provoke the defendant into moving for a mistrial or conduct by the prosecution intentionally undertaken to prejudice the defendant to the point where [he] has been denied a fair trial." **Commonwealth v. Lambert**, 765 A.2d 306, 327 (Pa. Super. 2000) (citation omitted). We evaluate claims of prosecutorial misconduct under a harmless error standard. **See Commonwealth v. Holley**, 945 A.2d 241, 250 (Pa. Super. 2008).

Lee requested remand because PCRA counsel "did not raise [these issues] for consideration for appellate review." Application for Remand at 4. As noted above, the sole issue PCRA counsel raised in the Rule 1925(b) Statement was a vague assertion that trial counsel was ineffective. As such, Lee is framing his claims of prosecutorial misconduct as claims independent of his claims of ineffective assistance of trial counsel. Claims of prosecutorial

- 14 -

misconduct can be raised, if properly preserved, on direct appeal; therefore, they are not cognizable independently in a PCRA proceeding. **See Commonwealth v. Wholaver**, 177 A.3d 136, 174 (Pa. 2018) (finding a claim of prosecutorial misconduct waived under the PCRA because "the prosecutor's alleged misconduct took place during trial and could have been, but was not, raised at trial."). Even if raised in Lee's 1925(b) Statement, we would have found these issues waived because all these instances of prosecutorial misconduct occurred at trial and were not raised on direct appeal. **See** Pa. C.S.A. § 9544(b). The claims of PCRA counsel ineffectiveness identified in Lee's Application for Remand were not independently cognizable in collateral proceedings. Therefore, Lee is not entitled to relief on these claims.

Application for Remand denied. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/04/2023